**David Hatfield, Plaintiff-Appellee, v. John A. Noble, Defendant-Appellant.**

**Gen. No. 11,697.**

Second District, Second Division.

May 6, 1963.

Bull, Ludens & Potter, of Morrison (Robert H. Potter, of counsel), for appellant.

Nack & Nack, of Galena (James W. Richardson, of counsel), for appellee.

WRIGHT, P. J.

This case was instituted in the Circuit Court of Carroll County to recover damages for personal injuries sustained by plaintiff while riding as a guest passenger in an automobile owned and being driven by defendant.

The case was tried by a jury and a verdict returned for plaintiff in the sum of $19,000, on which verdict the court entered judgment. Defendant appeals.

It is the theory of the defendant that he was not guilty of any wilful and wanton misconduct that caused plaintiff's injury and further contends that if he was guilty of wilful and wanton misconduct, then the plaintiff was guilty of wilful and wanton contributory misconduct that bars recovery. He further argues that the condition of the highway was the cause of the accident and that the trial court erred in overruling his motion for a directed verdict at the close of all the evidence and his motion for judgment notwithstanding the verdict.

The plaintiff and defendant were young men twenty-one years of age and had been friends for a number of years having gone to high school together and on prior occasions had gone out together. The plaintiff did not know how to drive an automobile and did not have a driver's license. They first were together early in the day on November 5, 1960, and the defendant again picked the plaintiff up about 7:00 o'clock p. m. on that date in Savanna, Illinois, and they rode around town for a while and then drove north on Illinois Route 80 to the Village of Hanover, Illinois, where they stopped at a tavern and each had three or four glasses of beer. From Hanover they drove to Elizabeth, Illinois, where they visited a tavern and had a couple of glasses of beer. From there they went to the bowling alley where they had sandwiches and coffee. They then drove around Elizabeth for a while and returned to the tavern where they each had a couple of more glasses of beer. From Elizabeth they returned to Hanover where they revisited the same tavern, stayed a while and had three or four more glasses of beer. At 11:15 o'clock p. m. they left the

115

tavern and drove south on Illinois Route 80. Plaintiff and defendant both testified that they were not intoxicated and an Illinois state trooper testified that there was no evidence of intoxication and no evidence that either was under the influence of intoxicating liquor. The doctor who treated the plaintiff in the hospital testified, "In the course of my examination and treatment of David Hatfield, I did not notice any signs of intoxication."

The collision occurred on Route 80 approximately seven miles south of the City of Hanover, Illinois, sometime after 11:15 o'clock p. m. on November 5, 1960. Route 80 at this point leads generally north and south and is a black top pavement with numerous curves in it. The highway was wet and it was a dark, hazy, rainy night. The defendant owned and was driving a 1960 Chevrolet automobile and the plaintiff was sitting in the front seat and was the only passenger.

The defendant testified as he drove south, he approached a curve south of a country store and he got over to the right to avoid hitting an automobile coming north, which appeared to him to be in his lane of traffic, and his right wheels dropped off of the pavement into loose gravel; that he went some distance trying to bring the car back on the pavement and took his foot off of the accelerator giving the wheel a jerk but that it whipped out of his hands. He tried to grab the wheel and the car proceeded left across the highway and skidded down the left shoulder and ditch where it hit a tree.

The testimony of two witnesses in an automobile, which had been passed by the defendant north of the scene of the accident, testified that they met no motor vehicles from the time defendant passed their car one mile north of the scene of the accident until they reached the scene.

The evidence concerning defendant's speed is conflicting. Defendant testified that he was driving 60 miles an hour. A passenger in an automobile which had been passed by the defendant a short distance from the scene of the wreck fixed the speed of the defendant's automobile at 75 miles an hour. An Illinois state trooper testified that after the collision the defendant told him that he was driving 70 miles an hour.

The plaintiff testified that defendant stayed within the speed limit after leaving Hanover until they got outside the city limits. He then increased the speed of his automobile. The plaintiff also testified that at one point he looked at the speedometer and they were going 80 miles per hour. Plaintiff further testified that the road had many curves and the defendant traveled them at a high rate of speed. He remembered that they passed a semi-trailer and one automobile a short distance up the road from where the accident occurred. He further remembered coming to the country store but did not remember anything thereafter until he way lying along the side of the road. At the hospital following the accident, he had a conversation with the defendant and said to him, "We were going pretty fast." Defendant did not answer.

Plaintiff further testified that when they left the tavern at Hanover, there was no doubt in his mind as to the ability of the defendant to drive the car properly; that he did not offer to drive because he did not have a driver's license and if he had thought defendant was driving improperly, there was nothing that would have prevented him from so advising the defendant, and further stated that at no time did he ever object to the manner in which the defendant was driving the automobile.

■ ■ As to whether or not conduct is wilful and wanton in any given case necessitates close scrutiny

of the facts as disclosed by the evidence, and while the rule of law to be applied does not vary, the facts to which the law is applicable always present different circumstances and facts which are in the main wholly dissimilar. Mower v. Williams, 402 Ill 486, 84 NE2d 435. Our Supreme Court in Bartolucci v. Falleti, 382 Ill 168, 46 NE2d 980, 983, defined wilfulness and wantonness in the following language:

> "Ill will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness."

For an act to be wilful and wanton, the defendant need not have intended that any harm should ensue, nor actually know for sure that there would be any harm done. It is sufficient if he had notice which would alert a reasonable man that substantial danger was involved and failed to take reasonable precautions under the circumstances. Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311.

■ ■ In the measurement of defendant's conduct, this court cannot consider the conflicts in evidence nor its weight, nor preponderance, nor the credibility of witnesses, but must take the evidence as true which is most favorable to the plaintiff's cause of action. Smith v. Polukey, 22 Ill App2d 238, 160 NE2d 508. If when so considered there is any evidence standing

alone and considered to be true together with the inferences that might legitimately be drawn therefrom which fairly tends to support the jury verdict, it is error to direct a verdict or enter judgment notwithstanding the verdict. Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848.

■ In the instant case it can be assumed that defendant did not intentionally desire to injure the plaintiff. His conduct, however, in driving his automobile on a highway which contained many curves on a dark, misty, rainy night at a speed up to 80 miles an hour when he was acquainted with the highway and knew that there were many curves to negotiate and continued to so drive until the automobile left the highway and struck a tree, constituted a combination of acts which could fairly be interpreted as wilful and wanton misconduct.

Under these circumstances, it is our judgment that all reasonable men would not agree that defendant was not guilty of wilful and wanton misconduct. Therefore, the trial court properly regarded the issue of whether plaintiff's injuries were inflicted by defendant's wilful and wanton misconduct as a question of fact to be determined by the jury, and the court committed no error in denying defendant's motion for a directed verdict nor in denying defendant's motion for judgment notwithstanding the verdict.

■ ■ In an action by a guest against the driver of an automobile, the driver is liable if guilty of wilful and wanton misconduct toward his guest. By the same token, the guest may not recover against the driver if the guest is guilty of contributory wilful and wanton misconduct. The law fixes the same standard of duty for a passenger as for a driver of an automobile. Both must exercise reasonable care for his own safety, but the conduct which reasonable care requires of a passenger will not ordinarily, if in any

case, be the same as that required of a driver because their circumstances are different. Gillan v. Chicago, North Shore & M. Ry. Co., 1 Ill App2d 466, 117 NE2d 833.

The defendant contends that the plaintiff was guilty of contributory wilful and wanton misconduct as a matter of law in failing to warn the defendant and command him to decrease the speed of his automobile. Contributory wilful and wanton misconduct becomes a question of law only when it can be said that all reasonable minds would reach the conclusion, under a particular factual situation, that the facts did not establish freedom from such negligence or misconduct. Zank v. Chicago, R. I. & P. R. Co., supra.

Although the courts of this state have had occasion to define wilful and wanton misconduct in numerous cases, it has always been done in general terms and with no attempt to indicate that any particular type of misconduct may be said to be wilful and wanton under all circumstances. It follows that what constitutes contributory wilful and wanton misconduct as a matter of law depends upon the facts, circumstances and evidence in each particular case. Under some circumstances, the highest degree of prudence might well dictate that a nondriver sit quietly and not affirmatively warn the driver. Zank v. Chicago, R. I. & P. R. Co., supra.

On the evening in question, the plaintiff and defendant met in Savanna, Illinois, and drove around there for a while, then drove to the Village of Hanover, and from Hanover to Elizabeth and from Elizabeth back to Hanover, and during all of this driving there is no evidence that the defendant was driving improperly, was driving at an excessive rate of speed or driving while intoxicated. The evidence reveals that when they left Hanover to drive to Savanna, plaintiff testified, "After we left the Hanover tavern and before

120

I got in the car there was no doubt in my mind as to his ability to drive the car properly. I did not offer to drive because I didn't have a driver's license." It may be that when the defendant began to drive his automobile at a high rate of speed under the conditions as existed on the night in question, that a reasonable prudent man may have warned the driver or requested him to slow down, but we cannot say as a matter of law that the plaintiff by not warning the defendant was guilty of contributory wilful and wanton misconduct. This is particularly true when one analyzes the distinction between the definition of contributory wilful and wanton misconduct and contributory negligence. A jury might well have believed that the plaintiff who sat quietly at the driver's side and did nothing to warn him or interfere with his operation of the automobile was guilty of contributory negligence, but considering the fact that the plaintiff did not know how to drive an automobile and did not have a driver's license, we cannot say that all reasonable men would agree that the plaintiff was guilty of contributory wilful and wanton misconduct in not warning the defendant or interfering with the defendant's operation of the automobile on the night in question. It is the exceptional case wherein it can be said that the question of wilful and wanton misconduct on the part of a driver or contributory wilful and wanton misconduct on the part of the guest is not a question of fact for the jury. Lessen v. Allison, 25 Ill App2d 395, 166 NE2d 806. We believe that both of these issues in the instant case were properly submitted to the jury.

After having carefully examined the record in this case, we are of the opinion that the question of the defendant's wilful and wanton misconduct and the question of the plaintiff's contributory wilful and wanton misconduct were questions of fact for the jury.

The trial court did not err in denying the motion for a directed verdict at the close of all of the evidence nor in denying the motion for judgment notwithstanding the verdict.

The judgment of the Circuit Court of Carroll County is affirmed.

Affirmed.

CROW and SPIVEY, JJ., concur.