AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellant, v. BEAUTIFUL SIGNS, INC., Defendant (George J. Kontos *et al.,* Defendants-Appellees).

Third District   No. 3—85—0657

Opinion filed August 14, 1986.

D. Kendall Griffith, Fred A. Smith III, and Katherine S. Dedrick, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

T. Donald Henson and Robert M. Hansen, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee George J. Kontos.

Joseph E. Duffy, of Joliet, for appellee Christine Brazier.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, Aetna Casualty & Surety Company (Aetna), brings this appeal of the trial court's grant of summary judgment in favor of the defendants in this declaratory judgment action. We reverse.

Dale Brazier was an employee of defendant Beautiful Signs, Inc. While at work for Beautiful Signs, on the property of George Kontos, Brazier was killed in an accident. The administrator of his estate brought an action against Kontos and others. Kontos then brought a third-party action against Beautiful Signs.

Beautiful Signs tendered the case to its insurer, Aetna. Aetna then instituted this declaratory judgment action asserting that an exclusion in Beautiful Signs' policy precluded coverage. Both sides filed motions for summary judgment. After a hearing on the motions, the trial court held that the exclusion did not preclude coverage. Aetna brings this appeal.

■■ The exclusion in question states that coverage will not apply "to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, or to any obligation of the insured to indemnify because of damages arising out of such injury." The trial court found this provision to be unambiguous. We also find the provision unambiguous; however, we find the exclusion applicable.

■■ A simple review of the facts and the procedural posture of the underlying litigation reveals that the exclusion should apply. Brazier was injured on Kontos' property while in the course of his employment. Brazier's estate has brought an action against Kontos. Kon-

tos brought a third-party action under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*), against Beautiful Signs. The policy issued by Aetna, a general-liability policy, does not cover employee injuries. Businesses protect themselves from employee-injury liability through worker's compensation insurance.

It is clear that the action against Beautiful Signs is due to its alleged negligence in the accident that resulted in Brazier's death. Much is made of the fact that the suit is a third-party action, brought by Kontos. However, it is Brazier's injuries for which Beautiful Signs would become liable. The courts of this State do not elevate form over substance. (*Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 332, 489 N.E.2d 1367, 1373.) If a jury were to make an award to Kontos on the third-party action, it would be for Brazier's injuries, not for some duty that existed between Kontos and Beautiful Signs. It is for this type of situation that the exclusion was drafted.

■ The exclusion in question was designed to preclude coverage in those areas normally covered by worker's compensation insurance. There is no reason for an insured to secure double coverage. (See *General Accident Fire & Life Assurance Corp. v. Professional Golfers Association of America* (1976), 40 Ill. App. 3d 592, 352 N.E.2d 441.) It is well known that prior to the adoption of contribution among joint tortfeasors (*Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437), the common practice was for one tortfeasor to seek indemnity against another tortfeasor based on the theory of active/passive negligence. The indemnity action was a method used to alleviate the harshness of the rule against contribution. (*Allison v. Shell Oil Co.* (1985), 133 Ill. App. 3d 607, 479 N.E.2d 333, *aff'd* (1986), 113 Ill. 2d 26.) General-liability insurers did not want to insure against liability for employment injuries through indemnity, so the exclusion was drafted.

■ As any liability on Beautiful Signs' part in this instance would be for its employee's injuries, the exclusion will apply. An analogous situation arose in *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204. Suarez and his wife were involved in a two-car accident in which they sustained injuries. He and his wife sued the other parties, who in turn counterclaimed for contribution against Suarez, the driver. State Farm sought to avoid coverage for Suarez' liability on the counterclaim for injuries suffered by Suarez' wife. State Farm claimed that a family-liability exclusion would apply, even though recovery was sought by way of contribution, rather than by the injured family member directly.

The court held that, in spite of the fact that Suarez' liability would result from a contribution counterclaim, the policy exclusion would apply. In sustaining the validity of the family-injury exclusion, the court found the controlling factor to be that Suarez would be liable for injuries suffered by his wife and would be jointly liable with the counterclaimant.

As we have found that the exclusion precludes coverage on the basis of Brazier's employee status, we need not address the issue of whether the "indemnity" portion of the exclusion could be raised in an action for contribution.

For the foregoing reasons, the circuit court of Will County is hereby reversed. The cause is remanded with instructions for the court to enter judgment in favor of Aetna.

Reversed and remanded with instructions.

BARRY and STOUDER, JJ., concur.