RUTH SONJA KRIVITSKIE, Plaintiff-Appellant, v. BRANDON W. CRAMLETT, Defendant-Appellee.

Second District No. 2—98—0185

Opinion filed December 30, 1998.

Mark A. Rouleau, of Rockford, for appellant.

Karen L. Kendall and Craig L. Unrath, both of Heyl, Royster, Voelker & Allen, of Peoria, and Kevin J. Luther and Matthew S. Morrison, both of Heyl, Royster, Voelker & Allen, of Rockford, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Ruth Sonja Krivitskie, filed a two-count complaint against defendant, Brandon W. Cramlett. Plaintiff sought to recover for injuries and property damage suffered in an automobile accident in which defendant's vehicle collided with hers. Count I alleged negligence and count II alleged willful and wanton misconduct. Defendant moved to dismiss count II, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), arguing that it did not allege sufficient facts to sustain a claim for willful and wanton misconduct. The court granted the motion and made its order final and appealable. Plaintiff appeals pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and we reverse and remand.

Plaintiff alleged the following in her complaint. On September 6, 1995, at approximately 6:30 p.m., she was stopped in her car in the far left eastbound lane of Harrison Avenue, waiting to make a left turn. Her brake lights were on and were functioning properly. Defendant's vehicle ran into hers, causing her to suffer personal injuries and property damage. Count I alleged 10 specific acts of negligence, including that defendant failed to keep a proper lookout, failed to keep his vehicle under control, drove in excess of the speed limit, and drove too fast for conditions. Count II alleged willful and wanton misconduct in that defendant was reckless and acted with utter indifference to or conscious disregard for the safety of himself or others. The factual support for that allegation was that he drove at a high rate of speed while approaching an intersection while the roadways were wet and it was raining. Plaintiff also relied on defendant's knowing that he was an inexperienced driver in that he had received his driver's license less than three months before the collision.

Before reaching the merits of this appeal, we address defendant's argument that we do not have jurisdiction. Defendant contends that the court's order dismissing count II was not appealable pursuant to Rule 304(a) because it did not dispose of a separate branch of the

controversy. Defendant's position is that, because willful and wanton misconduct is merely an aggravated degree of negligence and there is no separate and independent tort of willful and wanton misconduct, an order dismissing a willful and wanton count arising out of the same allegations as a negligence count does not dispose of a separate branch of the controversy.

██ ■ Rule 304(a) provides, in relevant part, as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a).

An order is final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or on a definite and separate branch thereof. *Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 1103 (1991). Generally, the statement of a single claim in several ways, even by multiple counts, does not warrant a separate appeal. *Arachnid*, 210 Ill. App. 3d at 1103. The test is whether the order appealed from constitutes a final determination of the parties' rights with respect to a definite and separable portion of the subject matter. *St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America*, 73 Ill. App. 3d 935, 940 (1979). For purposes of Rule 304(a), a claim is any right, liability, or matter raised in an action. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990). Even when a single claim is presented several ways in multiple counts, a judgment on one count is appealable under Rule 304(a) when the basis of recovery in each count is different because then a distinct cause of action has been disposed of. *Waste Management of Illinois, Inc. v. Environmental Protection Agency*, 137 Ill. App. 3d 619, 625 (1985). Distinct causes of action exist when the grounds for recovery under the various counts derive from different statutes or common-law doctrines or when the various theories of recovery require different elements to establish a proper claim or involve differing standards of plaintiff's conduct that will bar recovery. *Heinrich v. Peabody International Corp.*, 99 Ill. 2d 344, 348 (1984).

■ This is a close issue, but we believe that the willful and wanton count is sufficiently distinct from the negligence count that its dismissal may support a Rule 304(a) appeal. Defendant is correct that willful and wanton misconduct is not a separate and independent tort. See *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274 (1994). Willful and wanton misconduct is a hybrid between acts considered negligent and those found to be intentionally tortious. *Ziarko*, 161 Ill. 2d at 275.

Willful and wanton misconduct that is not intentional comprises acts done in reckless or conscious disregard of probable injurious consequences. *Rodrian v. Seiber*, 194 Ill. App. 3d 504, 509-10 (1990). In the pattern jury instructions, willful and wanton conduct is defined as "a course of action which \*\*\* shows an utter indifference to or conscious disregard for a person's own safety and the safety of others." Illinois Pattern Jury Instructions, Civil, No. 14.01 (3d ed. 1995) (hereinafter IPI Civil 3d). A common-law negligence action requires the plaintiff to establish a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. *Widlowski v. Durkee Foods*, 138 Ill. 2d 369, 373 (1990). The jury instructions define negligence as "the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence." IPI Civil 3d No. 10.01.

While these two theories are similar, and willful and wanton misconduct is essentially an aggravated form of negligence, we believe that they are sufficiently distinct that the dismissal of the willful and wanton count is a dismissal of a separate branch of the controversy. The doctrines are sufficiently different to meet the test set forth by the supreme court in *Heinrich* that the various theories of recovery require different elements to establish a proper claim. *Heinrich*, 99 Ill. 2d at 348. Accordingly, we hold that we have jurisdiction to consider plaintiff's appeal.

■ On the merits, plaintiff argues that the court erred in dismissing her count alleging willful and wanton misconduct. A section 2—615 motion to dismiss should not be granted unless it clearly appears that no set of facts could be proved that would entitle the plaintiff to recover. *Neptuno Treuhand-Und Verwaltungsgesellschaft MBH v. Arbor*, 295 Ill. App. 3d 567, 570 (1998). In determining the legal sufficiency of a complaint, all well-pleaded facts are taken as true and all reasonable inferences from those facts are drawn in the plaintiff's favor. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490 (1996). Our review is *de novo*. *In re Estate of Vogel*, 291 Ill. App. 3d 1044, 1046 (1997).

■ We do not believe the allegation that defendant only had his license for three months prior to the accident was particularly relevant. However, we do believe that alleging that someone was driving too fast in the rain could support a cause of action for willful and wanton misconduct. Clearly, under certain circumstances, a person driving at a high rate of speed in the rain could be said to be exhibiting a conscious disregard for his safety and the safety of others. Plaintiff's allegations in this regard were sufficient to survive the pleadings stage. In *Hatfield v. Noble*, 41 Ill. App. 2d 112, 121 (1963),

the court stated that "[i]t is the exceptional case wherein it can be said that the question of wilful and wanton misconduct on the part of a driver *** is not a question of fact for the jury." In that case, the court held that allegations that defendant drove at a high rate of speed on a curvy road on a rainy night sufficiently alleged willful and wanton misconduct. *Hatfield*, 41 Ill. App. 2d at 119; see also *Klatt v. Commonwealth Edison Co.*, 33 Ill. 2d 481, 488 (1965) (it was properly a question for the jury whether driver's driving on the shoulder on a rainy day and then swerving back into traffic was willful and wanton misconduct). We hold that plaintiff's allegation that defendant drove at an excessive rate of speed in the rain and did so while exhibiting utter indifference to or conscious disregard for his safety and the safety of others sufficiently alleged willful and wanton misconduct. Accordingly, the court erred in dismissing count II.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings consistent with this disposition.

Reversed and remanded.

GEIGER, P.J., and RAPP, J., concur.