FREMONT CASUALTY INSURANCE COMPANY, f/k/a Casualty Insurance Company, Plaintiff and Counterdefendant-Appellant, v. ACE-CHICAGO GREAT DANE CORPORATION, Defendant and Counterplaintiff-Appellee (Fred Grossman, Defendant).

First District (4th Division)   No. 1—00—0342

Opinion filed October 26, 2000.

68

Pretzel & Stouffer, of Chicago (Robert Marc Chemers and Amy E. Johnson, of counsel), for appellant.

Price, Tunney, Reiter & Bruton, of Chicago (Michael G. Bruton and Brad S. Donnelly, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Fremont Casualty Insurance Company, formerly known as Casualty Insurance Company, appeals from the trial court's determination that it is required to defend its insured, Ace-Chicago Great Dane Corporation (Ace), in an action for negligent spoliation of evidence filed against it by Fred Grossman. Before discussing and analyzing the issues presented, it is necessary to give a brief recitation of the factual and procedural history of the case.

In 1992, Fred Grossman filed an action against Berg Ladders, Inc. (Berg), seeking damages for injuries he allegedly suffered when, during the course of his employment with Ace, he fell from a ladder manufactured by Berg. In December 1996, Grossman filed an amended complaint in that action, joining Ace as a defendant and asserting against it a claim for negligent spoliation of evidence. In support of that claim, Grossman alleged that, on July 26, 1991, the date of his fall, an Ace employee took the ladder and stored it for safekeeping and that, subsequently, an Ace agent informed Grossman's attorney that Ace was in possession of the ladder and would keep it at its facility. Grossman further alleged that: Ace knew or should have known that the ladder was a material piece of evidence in his suit against Berg; Ace had a duty to preserve the ladder or turn it over to his attorney; Ace disposed of the ladder without notifying him or his attorney; as a

proximate result of Ace's negligence, he would be unable to prove his allegations of negligence and product liability against Berg; and had Ace preserved the ladder, he would have been able to successfully prove those allegations.

Ace tendered defense of the Grossman action to Casualty Insurance Company, which had issued a workers' compensation and employers' liability insurance policy to it. Casualty accepted the tender subject to a reservation of rights. Subsequently, Fremont Compensation Insurance Company (Fremont), as successor in interest to Casualty, filed the instant action against Ace and Grossman, seeking a declaration that it did not have a duty to defend or indemnify Ace in the Grossman litigation. Ace filed an answer and a counterclaim against Fremont seeking a declaration that Fremont did have a duty to defend and indemnify it.[1]

Subsequently, Grossman voluntarily dismissed his action against Ace. In October 1998, he refiled the action, this time naming only Ace as a defendant, as summary judgment had been entered in favor of Berg in the earlier action. The allegations against Ace were the same as those contained in the earlier complaint. Ace tendered defense of the refiled action to Fremont, and Fremont again undertook Ace's defense under a reservation of rights. On May 5, 1999, Fremont amended its complaint for declaratory judgment to seek a declaration that it was not required to defend or indemnify Ace with regard to Grossman's refiled action. Ace likewise amended its counterclaim to seek a declaration regarding the refiled action.

On July 22, 1999, Fremont filed a motion for summary judgment. On November 12, 1999, Ace filed a motion for partial summary judgment, seeking judgment only with respect to the issue of Fremont's duty to defend. On January 10, 2000, after hearing the parties' arguments, the trial court entered a written order: denying Fremont's motion for summary judgment; granting Ace's motion for partial summary judgment, stating that Fremont has a duty to defend Ace; and

---

[1]Ace also filed a third-party claim against Potomac Insurance Company of Illinois, seeking a declaration that it was required to defend and indemnify Ace. The trial court granted Potomac's motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)). That order was appealed pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and our decision is reported at *Fremont Compensation Insurance Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill. App. 3d 734 (1999). Shortly after the trial court granted Potomac's motion to dismiss, Ace filed an amended complaint, adding as defendants New Hampshire Insurance Company, AIG Company, and AIG Claim Services. Those defendants are not involved in the instant appeal.

reserving ruling on the question of whether Fremont has a duty to indemnify Ace. The order included Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language. The instant, timely filed appeal followed.

Before considering the merits of the parties' arguments, we must discuss the source of our jurisdiction. Fremont contends that this court has jurisdiction over its appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Rule 304(a) provides that, where a case involves multiple parties or multiple claims, "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). Fremont contends that the order does finally dispose of a separate claim, namely, its duty to defend Ace, and that, because it contains the language required by Rule 304(a), it is properly appealable.

Ace correctly notes that the presence of Rule 304(a) language does not make a nonfinal order final or appealable. *Elkins v. Huckelberry*, 276 Ill. App. 3d 1073, 1075, 659 N.E.2d 462 (1995). It contends that, in the instant case, the presence of Rule 304(a) language does not render the trial court's January 10 order appealable because that order does not finally dispose of a separate claim. According to Ace, the question of Fremont's duty to defend and the question of its duty to indemnify comprise a single claim, of which the trial court has not yet finally disposed, having specifically reserved judgment on the question of Fremont's duty to indemnify.

Ace asserts that, if Fremont seeks a review of the trial court's January 10 order, its sole avenue to obtain that review is by application for leave to appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). In support of that argument, Ace relies on *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 212 Ill. App. 3d 231, 570 N.E.2d 1154 (1991), *aff'd in part & rev'd in part*, 154 Ill. 2d 90, 670 N.E.2d 1204 (1992). In *Outboard Marine*, the plaintiff filed a declaratory judgment action against multiple insurers, alleging that they had a duty to defend and indemnify it with regard to certain litigation. The plaintiff filed a motion for partial summary judgment, seeking an order that the underlying litigation fell within the coverage of the insurance policies at issue, and the defendants filed cross-motions for summary judgment. The trial court denied the defendants' motions and granted the plaintiff's motion. It then entered an order, pursuant to Rule 308, certifying for appeal the question of whether the underlying litigation sought damages falling within the policies' coverage. This court granted one of the defendants leave to appeal. *Outboard Marine*, 212 Ill. App. 3d at 238. Ace's reliance on *Outboard*

*Marine* is misplaced, though, as that case does not state that Rule 308 is the only avenue for obtaining review of an order such as the one at issue here, nor does it state that review of such an order cannot be obtained pursuant to Rule 304(a) where the order contains the requisite finding.

As stated above, Rule 304(a) provides an avenue for appeal from final judgments as to one or more but fewer than all the claims involved in a case. A judgment is final if it terminates the litigation between the parties on the merits or disposes of the parties' rights with regard to either the entire controversy or a separate part of it. *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159, 692 N.E.2d 306 (1998). Our supreme court has defined the word "claim," as used in Rule 304(a), as "any right, liability or matter raised in an action." *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465, 563 N.E.2d 459 (1990). It has been said that the test for determining whether the order from which a party attempts to appeal pursuant to Rule 304(a) constitutes a final order on a claim is "whether the order appealed from constitutes a final determination of the parties' rights with respect to a definite and separate portion of the subject matter." *Krivitskie v. Cramlett*, 301 Ill. App. 3d 705, 707, 704 N.E.2d 957 (1998).

Ace contends that the duty to defend and the duty to indemnify, arising out of the same insurance policy and relating to the same underlying litigation, "are not so separate and distinct that a decision on only the duty to defend should be considered termination of a definite and separate claim." We disagree. It is well settled that an insurer's duty to defend and its duty to indemnify its insured are separate and distinct duties. *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23, 52, 514 N.E.2d 150 (1987). As such, we find that an order disposing of the parties' right with respect to Fremont's duty to defend, but reserving judgment regarding its duty to indemnify, is a final determination with respect to a definite and separate portion of the litigation. Accordingly, we find that we have jurisdiction over the instant appeal.

We now turn to the merits of the appeal. Fremont argues that the trial court erred in granting Ace's motion for partial summary judgment and denying its own motion for summary judgment. Although the denial of a motion for summary judgment is ordinarily not a final order and is not appealable standing alone (*Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 356, 718 N.E.2d 191 (1999)), we may properly review an order denying a motion for summary judgment if, as in the instant case, the appeal from that order is brought in conjunction with the appeal from an order granting a cross-motion for summary judgment on the same claim (see *Colvin v. Hobart Brothers*, 156

Ill. 2d 166, 169-70, 620 N.E.2d 375 (1993)). We note that Fremont moved for summary judgment on the questions of its duty to defend and its duty to indemnify, while Ace moved for summary judgment only with respect to Fremont's duty to defend. Accordingly, we would ordinarily be limited to reviewing the trial court's ruling on the denial of that portion of Fremont's motion for summary judgment directed toward its duty to defend. An insured's duty to defend, however, is broader than its duty to indemnify. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 398, 620 N.E.2d 1073 (1993). Therefore, where no duty to defend exists, no duty to indemnify could ever exist. *Crum & Forster Corp.*, 156 Ill. 2d at 398. In this case, if Fremont is entitled to the entry of summary judgment on the portion of its motion regarding its duty to defend, it is necessarily entitled to the entry of summary judgment on the portion of its motion regarding its duty to indemnify. That being the case, we find it appropriate to review the trial court's ruling on Fremont's motion for summary judgment in its entirety.

■ Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998); *Soderlund Brothers, Inc. v. Carrier Corp.*, 278 Ill. App. 3d 606, 613-14, 663 N.E.2d 1 (1995). By filing cross-motions for summary judgment, the parties invite the court to decide the issues presented as questions of law. *Allen v. Meyer*, 14 Ill. 2d 284, 292, 152 N.E.2d 576 (1958). Our review of the trial court's ruling on a motion for summary judgment is *de novo. In re Estate of Hoover*, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993).

■ The question of whether an insurer has a duty to defend its insured against a lawsuit is answered by comparing the allegations of that suit, liberally construed in favor of the insured, with the language of the insurance policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 125, 607 N.E.2d 1204 (1992). As a general rule, where the factual allegations of a complaint fall within, or even potentially within, the scope of an insurance policy's coverage, the insurer is obligated to defend its insured, even if the allegations are groundless, false, or fraudulent. *Thornton v. Paul*, 74 Ill. 2d 132, 144, 384 N.E.2d 335 (1978).

The allegations of the complaint in the Grossman action are set forth above. We must now compare those allegations to the relevant provisions of the insurance policy Fremont issued to Ace.

■ Although it is unclear from the record when the "Workers

Compensation and Employers Liability Insurance Policy" was initially issued to Ace, the policy was renewed on May 2, 1991, for a one-year period. Ace does not contend, nor could it successfully, that Fremont has a duty to defend it against the Grossman litigation pursuant to the policy's workers' compensation coverage. Accordingly, we will not set forth the policy provisions pertaining to that coverage. Ace does, however, contend, and the trial court found, that Fremont is obligated to defend it pursuant to the policy's employers' liability coverage. With respect to the employers' liability coverage, the policy provides, in relevant part, as follows:

"A. How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

\* \* \*

B. We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

\* \* \*

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance."

Our resolution of the instant appeal comes down to this simple question: whether the damages Grossman seeks in his negligent-spoliation-of-evidence claim against Ace constitute damages for bodily injury by accident or bodily injury by disease. The insurance policy contained in the record does not define the terms "bodily injury" or "accident." Terms that are used in an insurance policy but not defined therein must be given their plain and ordinary meaning, and courts often refer to dictionaries to obtain this meaning. *Muller v. Firemen's Fund Insurance Co.*, 289 Ill. App. 3d 719, 725, 682 N.E.2d 331 (1997). With regard to the term "bodily injury," Black's Law Dictionary states, in part, the following: "Generally refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury \*\*\*." Black's Law Dictionary 175 (6th ed. 1990).

Fremont contends that Grossman's negligent spoliation action does not seek damages for bodily injury but, rather, seeks damages for Grossman's alleged inability to prove its cause of action against Berg, which inability was allegedly caused by Ace's negligent handling of the ladder. Ace, however, argues that, in essence, the damages that Grossman seeks are for the injury he suffered when he fell from the ladder.

We agree with Fremont that the damages that Grossman seeks from Ace are not damages for bodily injury. Grossman asserted a claim of negligent spoliation of evidence against Ace. In *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 652 N.E.2d 267 (1995), our supreme court announced that spoliation of evidence is not an independent cause of action but that it can be stated under existing negligence law. The *Boyd* court noted that such an action is predicated upon the breach of a duty to preserve evidence and that the damage flowing therefrom is a resulting inability to prove a cause of action in the absence of such evidence. *Boyd*, 166 Ill. 2d at 195-96. In the instant case, Grossman alleged that Ace's mishandling of a piece of evidence, namely, the ladder from which he fell, left him unable to prove his negligence and products liability actions against Berg, the ladder's manufacturer. Grossman seeks damages resulting from his inability to prove those causes of action. The inability to prove a cause of action against a third party does not fall within the plain and ordinary meaning of the term "bodily injury."

Ace contends that a finding that the damages Grossman seeks from it are not for bodily injury would emphasize "form over substance by focusing on the cause of action asserted rather than the measure of Grossman's injury." It asserts that, for our purposes, the spoliation action should be considered one seeking damages for bodily injury because, if Grossman's action against Ace is successful, the measure of his damages "will be based in large part, if not in whole, on the nature and extent of his bodily injury." We acknowledge that, if Grossman is successful, the measure of damages in his negligent-spoliation-of-evidence action against Ace will be the amount of money that he could have recovered against Berg for his personal injury. We find it of little consequence that the amount of damages is the same, however, because Illinois law makes it quite clear that the nature of and basis of liability for those damages are quite different.

In *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 950, 704 N.E.2d 731 (1998), the plaintiff appealed the dismissal of a count in which she asserted that the defendant's loss or destruction of X rays resulted in her inability to successfully establish a medical malpractice action. In reversing dismissal of the count, this court held that neither the statute of repose nor the certificate-of-

merit filing requirement applicable to medical malpractice actions applied to the spoliation action. We noted that, although in order to succeed on her spoliation claim the plaintiff would be required to prove the merits of the underlying medical malpractice claim, the damages sought in the spoliation action arose from the breach of a duty to preserve evidence, not the breach of a duty to provide proper medical care. *Cammon*, 301 Ill. App. 3d at 950-51. Further, in *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 7-8, 689 N.E.2d 205 (1997), this court rejected the defendant's argument that a certificate of merit should be required in a spoliation action arising from a medical malpractice action because the damages in such an action are the same as the damages sought in a medical malpractice action.

In order to succeed in his spoliation-of-evidence claim against Ace, Grossman will be required to prove the merits of his personal injury action against Berg. Nonetheless, the fact remains that the damage Grossman allegedly suffered as a result of Ace's breach of duty to preserve evidence is an inability to prove a cause of action against Berg, not bodily injury by accident or disease. Accordingly, the allegations of Grossman's complaint against Ace do not bring the action even potentially within the coverage provisions of the policy issued by Fremont.

Finally, Ace directs our attention to cases in which Illinois courts have looked to the nature of the underlying action to determine whether a contribution action falls within the provisions of an insurance policy. In *Midland Insurance Co. v. Bell Fuels, Inc.*, 159 Ill. App. 3d 780, 513 N.E.2d 1 (1987), an employee injured during the course of his employment brought a personal injury action against the manufacturer of the car he was driving at the time of his injury. The manufacturer, in turn, asserted a contribution claim against the employer. The employer tendered defense of the contribution action to its insurer, which instituted a declaratory judgment action. *Midland Insurance Co.*, 159 Ill. App. 3d at 781-83. This court determined that the insurer was not required to defend or indemnify the employer against the contribution action because the insurance policy at issue contained an exclusion for damages arising from bodily injury to an employee in the course of his employment. We noted that, although in form the contribution action was one for economic loss (*i.e.*, to recover whatever dollar loss the manufacturer might suffer as a result of a judgment or settlement in the underlying personal injury action), in substance the damages would be for the employee's personal injury. *Midland Insurance Co.*, 159 Ill. App. 3d at 783-84. See also *Aetna Casualty & Surety Co. v. Beautiful Signs, Inc.*, 146 Ill. App. 3d 434, 496

N.E.2d 1229 (1986). Ace argues that we should similarly look to the "substance" of the damages Grossman is seeking, rather than the form. Ace's reliance on this line of cases, however, is misplaced. A third-party action seeking contribution from an employer for damages paid to its employee for bodily injury is based on an allegation that the employer's own tortious conduct contributed to the employee's injury. See *Aetna Casualty & Surety Co.*, 146 Ill. App. 3d at 436. Grossman's negligent-spoliation-of-evidence action against its employer, Ace, however, is based not on allegations that Ace's negligence contributed to his fall from the ladder but on allegations that Ace's negligent handling of the ladder deprived him of the ability to recover in a cause of action against the ladder's manufacturer.

For the reasons stated above, we find that the trial court erred in granting Ace's motion for summary judgment, finding that Fremont had a duty to defend it in the Grossman litigation. We also find that the trial erred in denying Fremont's motion for summary judgment with respect to the question of its duty to defend and, as no duty to indemnify can exist in the absence of a duty to defend (*Crum & Forster*, 156 Ill. 2d at 398), also erred in denying Fremont's motion for summary judgment with respect to the question of its duty to indemnify. Accordingly, we reverse the trial court's order granting Ace's motion for partial summary judgment, reverse the trial court's order denying Fremont's motion for summary judgment, and remand with instructions that the trial court enter summary judgment in favor of Fremont on the issues of its duty to defend and duty to indemnify Ace.

Reversed and remanded with directions.

SOUTH and BARTH, JJ., concur.