**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff**

v.

**Christopher ETHERIDGE, Heather Etheridge, A———— H————, a Minor, by and through John K. Hunter, Sr. and Luvonne Hunter, her Natural Parents and Next Friends, John K. Hunter, Sr., John K. Hunter, Jr., Luvonne Hunter and Tri County Contractors, Inc., Defendants.**

**Civil Action No. 3:09CV402TSL–FKB.**

United States District Court, S.D. Mississippi, Jackson Division.

June 10, 2010.

Clyde X. Copeland, III, John S. Graham, Harris, Jernigan & Geno, PLLC, Ridgeland, MS, for Plaintiff.

John T. Givens, Porter & Malouf, P.A., Jackson, MS, Michael T. Jaques, Sessums, Dallas & Morrison, PLLC, Ridgeland, MS, William J. Little, Jr., Lentz & Little, PA, Gulfport, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Nationwide Mutual Insurance Company (Nationwide) for summary judgment as related to the Circuit Action, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants A————. H————, John K. Hunter, Sr., John K. Hunter, Jr., Luvonne Hunter and Tri County Contractors, Inc. have responded to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

The following facts are undisputed. On October 26, 2005, A———— H————, the minor daughter of defendants John Hunter, Sr. and Luvonne Hunter, was involved in a motor vehicle accident with defendant, Christopher Etheridge, in which Mr. Etheridge sustained severe injuries. On September 13, 2006, Christopher Etheridge and his wife. Heather Etheridge, filed suit in the Circuit Court of Hinds County, Mississippi against A———— H———— and her parents, for injuries and damages arising out of the accident, the case being assigned Civil Action Number 2006–47 on the court's docket.[1] On October 28, 2008, the Etheridges amended their complaint to add as a defendant in the case Tri County Contractors, Inc. (Tri County), a company alleged to be solely owned by John Hunter, Sr.[2] Prior to trial, Tri County was

---

1. John Hunter, Sr. and Luvonne Hunter were sued on theories of negligent entrustment and supervision, and as statutorily responsible parties under Mississippi Code Annotated § 63–1–25.

2. The Etheridges sued Tri County alleging that based on John Hunter, Sr.'s disregard of

dismissed from the case without prejudice. The case subsequently went to trial on the merits, which resulted in a jury verdict in favor of the plaintiffs and against A_____ H_____ for $2,000,000. Although the jury did not find that John, Sr. and Luvonne Hunter had been negligent, the Circuit Judge entered a judgment against them for the full amount of damages assessed by the jury, since by statute in Mississippi, parents who sign a minor's application for a driver's license are responsible for damages caused by the minor's negligent operation of a motor vehicle. *See* Miss.Code Ann. § 63–1–25.

On June 17, 2009, following entry of judgment, and as part of their effort to collect on the judgment, the Etheridges filed a writ of execution against Tri County in an attempt to seize John Hunter, Sr.'s stock in the corporation. As provided by statute, Miss.Code Ann § 13–3–129, the writ directed that an officer or agent of Tri County (other than John Hunter, Sr.) provide a sworn written statement, within ten days of service of the writ, of the amount of John Hunter, Sr.'s stock, the number of his shares, and the extent of his interest in the corporation. On June 26, 2009, Terris Harris, an attorney representing Tri County, purported to respond to the writ of execution on behalf of the company by filing a document styled "Statement of Value." Therein, he acknowledged that John Hunter, Sr. owned stock in Tri County, but represented that the value of the stock was not known. Subsequently, however, on July 21, 2009, Harris emailed the Etheridges' counsel another document which indicated that John Hunter, Sr. did not own stock in Tri County. Upon re-

ceipt of this second document, the Etheridges filed a motion for contempt based on what they asserted was Tri County's willful violation of § 13–3–129. Following a hearing on the motion, the Circuit Court found "beyond a reasonable doubt that Tri–County ... [has] willfully violated [§ 13–3–129] and that judgment should be entered against [Tri–County] in the amount of the [Etheridges'] judgment." *See* § 13–3–129 ("The corporation or company shall, within a reasonable time, not longer than ten days after the levy, deliver to the officer a statement in writing, under oath, of the particulars demanded by the officer, and of the value of the defendant's stock, shares, or interest, and in case the corporation or company shall neglect or refuse to do so, or shall wilfully make any false statement thereof, such corporation or company shall be liable to the plaintiff for the full amount of the judgment or decree, or of such judgment as the plaintiff shall recover if the process be an attachment."). Accordingly, on August 26, 2009, the court entered an order finding Tri County in contempt for its willful violation of § 13–3–129, and ordering that pursuant to the statute, Tri County was liable for the full amount of the Etheridges' judgment in the amount of $2,000,000. Judgment was contemporaneously entered in favor of the Etheridges and against Tri–County for $2,000,000, plus costs and interest.

At the time of the motor vehicle accident giving rise to the Circuit Court action, Tri County had insurance coverage under a policy of commercial general liability (CGL) insurance issued by Nationwide.[3]

---

corporate formalities, co-mingling of funds and other malfeasance, they should be allowed to pierce the corporate veil and hold Tri County liable for their injuries to the same extent as John Hunter, Sr.

**3.** Tri County also owned a Nationwide "Blanket Protection Business Auto Coverage" policy. In response to Nationwide's motion, defendants concede that the automobile policy has no potential applicability to the Etheridge judgments.

After the judgment was entered against Tri County, Tri County and the Hunters demanded that Nationwide provide them with coverage for the $2,000,000 judgment against Tri County. Nationwide filed the present action seeking a declaratory judgment that under the terms of its policy, it has no duty to provide liability coverage for Tri County or the Hunters arising out of the Etheridge action. Nationwide has now moved for summary judgment, contending there is no genuine issue of material fact as to whether coverage is owed under its CGL policy for the judgment entered against Tri County.

The Nationwide CGL policy provides, in relevant part, as follows:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" [or] "property damage" . . . to which this insurance applies.

. . .

B. This insurance applies to "bodily injury" and "property damage" only if

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

The policy defines "occurrence" as

an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Nationwide argues in its motion that the Hunters do not qualify as "insureds" under the policy, and that consequently, the policy provides no coverage for the Etheridges' judgment against them. Defendants do not contend otherwise. Thus, the parties apparently agree that the issue for consideration on the present motion is solely whether coverage under the CGL policy extends to the judgment entered by the Circuit Court *against Tri–County.* On this issue, Nationwide argues as follows: Under the plain language of the policy, for damages to be covered, the damages must be because of "bodily injury" or "property damage"; the damages levied against Tri County were not because of the bodily injury to Christopher Etheridge but rather were because of Tri County's violation of § 13–3–129; therefore, the policy provides no coverage for the damages covered by the judgment. On the other hand, while defendants agree that the policy language requires that the damages that the insured becomes legally obligated to pay were "because of" bodily injury, they maintain that "[t]he $2,000,000 damage award which Tri County became legally obligated to pay was because of the injuries sustained by Christopher Etheridge in the automobile accident," as reflected by the March 11, 2009 "Final Judgment by Verdict," which plainly establishes that the entire $2,000,000 awarded by the jury to the Etheridges was for compensatory damages for the bodily injury suffered by Christopher Etheridge. The issue, therefore, is whether Tri County was ordered to pay damages "because of" the bodily injury sustained by Christopher Etheridge. In the court's opinion, it was not, and therefore, the policy does not provide coverage.

Neither party has identified, and the court's own search has failed to uncover any case involving the issue of whether a CGL policy provides coverage for an insured's liability under a similar or analogous statute. The most analogous cases the parties, or the court, have located, are those involving the question whether claims for damages imposed or sought to be imposed against an insured for spolia-

tion of evidence qualify as damages "because of" bodily injury. The courts in the majority of these cases (of which there are only a few) have reasoned that because the spoliation claim is not derived from the injuries to the claimant's body but rather is based on "a completely separate incident that occurred sometime after the accident that caused [the] bodily injuries," then the damages for spoliation are not "because of" bodily injury. *See Johnson v. Evan Hall Sugar Co-op., Inc.*, 836 So.2d 484, 488 (La.Ct.App.2002). In one such case cited by Nationwide, *Fremont Casualty Insurance Co. v. Ace–Chicago Great Dane Corp.*, 317 Ill.App.3d 67, 74, 250 Ill.Dec. 624, 739 N.E.2d 85 (Ill.App. 1 Dist.2000), Ace–Chicago called on its insurer for defense and indemnity of a lawsuit brought against it by an employee for spoliation of evidence, in which the employee alleged that Ace–Chicago's having disposed of a ladder on which he was injured prevented him from proving his product liability claim against the ladder manufacturer. The policy at issue in *Fremont*, similar to the policy here, provided, "We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance." The court held there was no duty to defend or indemnify the employer because the employee's complaint did not seek damages because of bodily injury. The court rejected Ace's argument that the spoliation action should be considered as one seeking damages for bodily injury because, if the employee's action against it were successful, the measure of his damages would be based on the nature and extent of his bodily injury. The court acknowledged the measure of damages would be the same, but found this to be of "little consequence," since it was quite clear under Illinois law that "the nature of and basis of liability for those damages is

quite different." *Id.*, 250 Ill.Dec. 624, 739 N.E.2d at 90. *See also Humana Worker's Comp. Servs. v. Home Emergency Servs., Inc.*, 842 So.2d 778, 781 (Fla.2003) (holding that policy applying to "bodily injury by accident" did not provide coverage for claims against an insured for negligent spoliation of evidence); *Johnson*, 836 So.2d at 488 (holding that claim against alleged tortfeasor sought damages because of bodily injury, but spoliation claim against employer was not on account of his bodily injury but rather was based upon employer's post-accident conduct in failing to preserve evidence).

While these cases are obviously distinguishable, they are somewhat analogous, and pertinent, as they recognize that the proper focus in determining the coverage issue is not on the damages sought to be imposed on the underlying claim seeking damages for bodily injury, but on the damages sought on account of the alleged spoliation, as these are distinct issues. In this case, there is no question but that *the amount* of the damages represented by the judgment *against Tri County* is based on the damages awarded to the Etheridges on account of the bodily injuries sustained by Christopher Etheridge, which bodily injuries were obviously caused by an occurrence. But, Tri County was not ordered to pay damages because of bodily injury sustained by Christopher Etheridge. Rather, a separate judgment was rendered against Tri County in the same *amount* as the Etheridge judgment solely because the Hinds County Circuit Judge found that Tri County had willfully violated Mississippi Code Annotated § 13–3–129 by failing to appropriately respond to a writ of execution relative to the Etheridge judgment. Tri County did not become liable *on* or *for* the judgment entered in favor of the Etheridges on account of Christopher Etheridge's bodily injury; in-

stead, as provided by § 13–3–129, Tri County became liable *"for the full amount of"* the Etheridge judgment. *As against Tri County,* damages were imposed strictly as a sanction for contempt for Tri County's violation of the statute.

In the court's opinion, as it is clear damages were not imposed against Tri County because of bodily injury, it follows that Nationwide's policy provides no coverage for the judgment against Tri County. Accordingly, it is ordered that Nationwide's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.