573 So.2d 885 (1990)
TIRE KINGDOM, INC., a Florida Corporation, Appellant,
v.
FIRST SOUTHERN INSURANCE CO., a Florida Corporation F/K/a Morrison Assurance Co., Inc., a Florida Corporation, Appellee.
No. 90-227.
District Court of Appeal of Florida, Third District.
December 11, 1990.
Rehearing Denied February 25, 1991.
*886 Stephen A. Papy, Miami, and Charles C. Papy, Jr., Tampa, for appellant.
Rywant & Alvarez, Tampa, Daniel and Hicks and Ralph O. Anderson, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
LEVY, Judge.
Tire Kingdom, Inc. ("TIRE KINGDOM") brought suit against First Southern Insurance Co. ("FIRST SOUTHERN") for breach of contract alleging a failure to defend and now appeals the trial court's Final Order granting First Southern's Cross-Motion for Summary Judgment.
In October of 1983, Tire Kingdom purchased an insurance policy from First Southern Insurance Co. The policy contained an endorsement covering personal and advertising injuries.[1] Norton Tire Co. sued Tire Kingdom and three of its officers in December of 1984, alleging various injuries resulting from violations of, among others, the Lanham Act, Sherman Anti-Trust Act, Florida Anti-Trust Act, Florida Deceptive and Unfair Trade Practices Act, Common Law Unfair Competition, Misleading Advertising, Florida Racketeer Influenced and Corrupt Organization Act, Disparagement and Defamation. Tire Kingdom forwarded the Complaint to First Southern and demanded that First Southern defend pursuant to the insurance policy. On January 25, 1985, First Southern sent Tire Kingdom a letter in which it denied coverage and refused to defend Tire Kingdom on the ground that the policy was limited to property damage and bodily injury. In July of 1985, First Southern retracted its January 25th letter and conceded there was coverage for an advertising injury. First Southern, however, stated it did not have a duty to defend Tire Kingdom because the alleged injuries were of the nature and type that fell under the policy's applicable exclusions.
The case went to trial solely on the Lanham Act claim and resulted in a favorable decision for Tire Kingdom. On appeal, the decision was affirmed. Tire Kingdom brought this action to recover attorney's fees, costs and damages for bad faith as a result of First Southern's failure to defend Tire Kingdom against the Norton Tire Co. lawsuit. The trial court heard cross-motions for summary judgment and ruled in favor of First Southern. The court found no coverage and, therefore, no duty to defend. Tire Kingdom appeals that final judgment.
*887 The insurance policy in question provided coverage for claims of defamation and unfair competition. Such injuries were alleged in the Norton complaint to have been caused by Tire Kingdom. Although there were some allegations that would, in and of themselves, be excluded from coverage under the policy, it is a clear rule of law that where some allegations set out in a complaint require the insurer to defend the insured, and some allegations do not, the insurer must provide a defense on the entire suit. Tropical Park, Inc. v. United States Fidelity and Guaranty Company, 357 So.2d 253 (Fla. 3d DCA 1978); American Hardware Mutual Insurance Company v. Miami Leasing and Rentals, Inc., 362 So.2d 28 (Fla. 3d DCA 1978). Since there were some allegations in the Norton Tire Co. complaint which were not subject to policy exclusions, Tire Kingdom was entitled to coverage. First Southern, therefore, was obligated to defend Tire Kingdom on all of the allegations raised in the complaint.
We find there was coverage under the insurance policy even though there were conflicting provisions that created an ambiguity concerning the question of coverage. An insurance policy cannot grant rights in one paragraph and then retract the very same right in another paragraph called an "exclusion". Moore v. Connecticut General Life Insurance Company, 277 So.2d 839 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 204 (Fla. 1974). The policy in this case attempts to provide coverage for certain advertising activities and then exclude those same activities. Such inconsistencies must be resolved in favor of the insured, Id. at 842, as liability limiting exclusions are interpreted strictly against the insurer and liberally in favor of the insured. Poole v. Travelers Insurance Company, 130 Fla. 806, 179 So. 138 (1937); Oliver v. United States Fidelity & Guaranty Company, 309 So.2d 237 (Fla. 2d DCA), cert. denied, 322 So.2d 913 (Fla. 1975). Inconsistent language in a liability policy requires the adopting of the construction that will afford the most coverage. Id. at 238.
It is our finding that First Southern was obligated under its contract of insurance to secure Tire Kingdom's defense against the allegations set out in the Norton Tire Co. complaint. As a result, we hold it was error for the trial court to enter summary judgment in favor of First Southern. We reverse the trial court's summary judgment and remand with directions to enter summary judgment in favor of Tire Kingdom, with an evidentiary hearing to be held to determine the proper attorneys' fees and costs owed by First Southern, to Tire Kingdom, as a result of its refusal to defend Tire Kingdom.
Reversed and remanded with direction.
NOTES
[1] The policy provides:

II. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY COVERAGE
(A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigations and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
The endorsement defines "Advertising Injury" as:
"Advertising Injury" means injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, infringement of copyright, title or slogan.