PER CURIAM.
We affirm the summary final judgment because the record supports the trial court’s conclusion that the loss in question was covered under the builders risk policy. See Jones v. Utica Mut. Ins. Co., 463 So.2d 1153 (Fla.1985) (construction of insurance policy in defining scope of coverage is legal question to be determined by court); Tire Kingdom, Inc. v. First Southern Ins. Co., 573 So.2d 885, 887 (Fla. 3d DCA 1990) (coverage found where conflicting provisions created ambiguity regarding coverage; “insurance policy *813 cannot grant rights in one paragraph and then retract the very same right in another paragraph called an ‘exclusion’”), rev. denied, 589 So.2d 290 (Fla.1991).
GLICKSTEIN, STONE and STEVENSON, JJ., concur.