710 So.2d 3 (1998)
John DiGIULIO, individually and as next friend of Devon Digiulio, Appellant,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 96-3673.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Rehearing Denied March 24, 1998.
*4 William P. Thomas of William P. Thomas, P.A., Tamarac, and Neal W. Hirschfeld of Greenspoon, Marder, Hirschfeld & Rafkin, Fort Lauderdale, for appellant.
Clark J. Cochran, Jr. of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for appellee.
FARMER, Judge.
When young Devon DiGiulio was injured in a boating accident, her parent immediately engaged a lawyer. The lawyer in turn promptly notified the owner and operator of the boat of the claim and requested that the owner allow him to inspect and photograph the wooden base of the seat in which the child had been seated at the time of the accident as evidence of the claim. The owner agreed to do so and even preserved the wooden base for approximately a month. At some point, however, erroneously believing that the claimant had performed the inspection and photographing, he sold the boat and discarded the wooden base which the claimant sought to use as evidence.
The parent later sued the owner for spoliation of evidence, claiming damages equal to those that would have resulted if the evidence had been preserved as promised. He claimed that the destroyed wooden base constituted critical evidence in support of his claim against the manufacturer of the boat for negligent design and construction of the seat base. The insurer for the owner denied coverage as well as any defense of the claim. Claimant then settled with the owner, who assigned claimant all of owner's rights under the insurance policy. At that point claimant brought suit as assignee against the owner's insurer for the damages represented by the settlement agreement.[1] The trial court granted a summary judgment in favor of the insurer on the grounds that the policy excluded coverage for the settled claim. We reverse.
Initially the insurer relies on its watercraft exclusion.[2] We agree with the claimant that the exclusion is ambiguous and conclude that it is ineffective to bar coverage for the claim brought against the insured.[3] *5 The cause of action against the insured was carefully structured around the insured's failure to preserve the evidence as promised. In short the nature of the claim alleged was the negligent failure to perform an assumed duty to preserve evidence.
The cause of action for spoliation of evidence is part of Florida jurisprudence. See St. Mary's Hosp. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996), rev. denied, 695 So.2d 701 (Fla.1997); Sponco Mfg., Inc. v. Alcover, 656 So.2d 629 (Fla. 3d DCA 1995), rev. dismissed, 679 So.2d 771 (Fla.1996); Continental Ins. Co. v. Herman, 576 So.2d 313 (Fla. 3d DCA 1990), rev. denied, 598 So.2d 76 (Fla.1991); Miller v. Allstate Ins. Co., 573 So.2d 24 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991); Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984), rev. denied sub nom. Cedars of Lebanon Hosp. Care Ctr., Inc. v. Bondu, 484 So.2d 7 (Fla. 1986). As Judge Gunther noted in Brinson, "a prospective civil action ... is a valuable `probable expectancy' that the court must protect from interference." 685 So.2d at 35. In holding that the claim in suit is properly understood as the loss of an intangible beneficial interestbelonging to the claimant rather than the nominal owner of the evidencein the preservation of identified evidence, we have simply followed the logic of the nature of the cause of action asserted.
The insurer also relies on another exclusion.[4] It argues that damage to the insured's own property is excluded from the personal liability coverage.[5] We think that the insurer has misconceived both the nature of the claim and its own policy language. We understand the cause of action to be that the claimant had, as a result of the insured's undertaking to preserve the evidence to allow inspection and photographing, an intangible and beneficial interest in the preservation of the evidence. It is that beneficial interest that he claims was lost when the insured negligently discarded the wooden base. Thus it was not the insured's own interest that was affected, but instead the claimant's. Focusing thus on the exact text of the exclusion, it was damage only to the insured's own property that was excluded. Here it was the claimant's beneficial interest in the preservation of evidence that was destroyed.
REVERSED.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] See Coblentz v. American Surety Co., 416 F.2d 1059 (5th Cir.1969); Steil v. Fla. Physicians' Ins. Reciprocal, 448 So.2d 589 (Fla. 2nd DCA 1984); and Shook v. Allstate Ins. Co., 498 So.2d 498 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987).
[2] The bodily injury exclusion stated that there was no coverage for injuries "arising out of the... ownership, maintenance, use, loading or unloading of [a described class of watercraft]." The parties stipulated that the boat in question was within the class of watercraft excluded from bodily injury coverage.
[3] As we recently held in Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176 (Fla. 4th DCA 1997), construing a functionally identical exclusion, exclusionary clauses in liability insurance policies are always strictly construed. See also Deni Assoc. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135 (Fla.1998); St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA), cert. denied, 282 So.2d 638 (Fla.1973) (well settled principle construing exclusion in manner affording broadest coverage). We find a legally insufficient causal relationship between any use, operation or maintenance of watercraft and claimant's cause of action for spoliation of evidence.
[4] We note that this particular argument in support of the insurer's motion for summary judgment was improperly made for the first time in a memorandum filed on the day of the hearing on the motion for summary judgment. Ordinarily we would reverse a grant of summary judgment in such circumstances on account of the failure of the moving party to comply with the 20 day notice provision of rule 1.510(c). See Fla. R.Civ.P. 1.510(c) ("The motion shall state with particularity the grounds on which it is based and the substantial matters of law to argued and shall be served at least 20 days before the time fixed for the hearing."). Nevertheless, in order to facilitate the progress of this case to a final resolution, we proceed to consider it on the merits.
[5] The personal liability section of the policy excludes coverage for "property damage to property owned by the insured."