760 So.2d 1010 (2000)
Stacia NORRIS, Appellant,
v.
COLONY INSURANCE COMPANY, Appellee.
No. 4D99-1959.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
*1011 Daniel M. Bachi and Bard D. Rockenbach of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellant.
Jonathan M. Matzner and Robert H. Schwartz of Adorno & Zeder, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
Appellant plaintiff was beaten and robbed by an unknown assailant at a gas station. She brought suit against the gas station, alleging negligent maintenance of the premises, and the negligent destruction of evidence. Colony Insurance Company, which insured the station under a general commercial liability policy, refused to defend and denied coverage because damages "arising from" assault and battery were excluded. Plaintiff then entered into a settlement with the station in which a judgment for $175,000 was entered against the station, plaintiff agreed not to execute on the judgment, and the station assigned its rights against the insurer to plaintiff.
In this suit against the insurer plaintiff, as assignee of the insured station, seeks damages for wrongful refusal to defend and also asserts coverage. The trial court entered a summary judgment in favor of the insurer based on the assault and battery exclusion, and plaintiff appeals. We reverse in part, finding that there was a duty to defend based on the allegations of the original complaint, but affirm the trial court's conclusion that there was no coverage either for the assault and battery or the negligent destruction (spoliation) of evidence.
In the original complaint against the gas station, plaintiff alleged only that her injuries resulted from negligent maintenance of the premises. The complaint contained no allegations that the injuries resulted from an assault. Because the allegations of negligent maintenance were within the coverage, the insurer had a duty to defend. Marr Invs., Inc. v. Greco, 621 So.2d 447 (Fla. 4th DCA 1993)(in determining if there is a duty to defend the trial court is restricted to the allegations of a complaint regardless of what actually happened).
As to coverage, it is now undisputed that plaintiff's injuries resulted from a beating by an unknown assailant. Because this policy excludes all claims for damages "arising from" assault and battery committed by any person, there is no coverage for the assault. Plaintiff argues, however, that the trial court failed to recognize a distinction between the assault and the spoliation of evidence, and that there is coverage for the spoliation of evidence. We agree with plaintiff that there is a distinction and that the analysis is different, but we ultimately conclude that there is no coverage for the spoliation claim.
The spoliation claim alleged that the gas station negligently erased a videotape which may have recorded the assault. If the erasure had not occurred, plaintiff may have been able to identify the assailant and recover damages from the assailant.
In order to determine whether there is coverage under this general commercial liability policy for spoliation, it is necessary to consider the nature of the cause of action. The third district described it as a "tort cause of action for negligent failure to preserve evidence needed for civil litigation." Miller v. Allstate Ins. Co., 573 So.2d 24, 26 (Fla. 3d DCA 1990). This court has followed the third district. Brown v. City of Delray Beach, 652 So.2d 1150 (Fla. 4th DCA 1995); St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996); DiGiulio v. Prudential Property and Cas. Ins. Co., 710 So.2d 3 *1012 (Fla. 4th DCA), rev. denied, 725 So.2d 1109 (Fla.1998).
In DiGiulio, we described the basis of a cause of action for spoliation of evidence as "an intangible and beneficial interest in the preservation of the evidence." Id. at 5. Although in DiGiulio we held that two exclusions did not exclude coverage for spoliation of evidence in a liability policy, we did not address whether there was coverage in the first place, as that issue was apparently not raised in DiGiulio.
Under the coverage section in this policy, the insurer agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies." Although plaintiff argues that the exclusions we addressed in DiGiulio do not exclude coverage, plaintiff has failed to address the more basic question, which is whether spoliation is covered as "bodily injury" or "property damage."
Bodily injury or property damage, under the policy, must be caused by an "occurrence," which is defined as "an accident." Clearly this occurrence, the destruction of evidence, did not result in bodily injury. The spoliation claim can only be covered, accordingly, if it caused "property damage" within the meaning of the policy.
In the definition section of the policy it is provided:
15. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to "occur at the time of the occurrence" that caused it. [emphasis added.]
The issue as to whether this is property damage turns on whether the erasing of the image caught on the videotape resulted in an "injury to tangible property." Although the videotape is tangible, the policy excludes damage to the insured's own property. In DiGiulio, in holding that the exclusion for damage to the insured's property would not exclude coverage for spoliation of evidence, we explained:
The insurer also relies on another exclusion. It argues that damage to the insured's own property is excluded from the personal liability coverage. We think that the insurer has misconceived both the nature of the claim and its own policy language. We understand the cause of action to be that the claimant had, as a result of the insured's undertaking to preserve the evidence to allow inspection and photographing, an intangible and beneficial interest in the preservation of the evidence. It is that beneficial interest that he claims was lost when the insured negligently discarded the wooden base. Thus it was not the insured's own interest that was affected, but instead the claimant's. Focusing thus on the exact text of the exclusion, it was damage only to the insured's own property that was excluded. Here it was the claimant's beneficial interest in the preservation of evidence that was destroyed. [footnotes omitted.]
710 So.2d at 5.
It is apparent to us that under either DiGiulio, or Miller v. Allstate, 573 So.2d at 26, in which spoliation was described as a "tort cause of action for negligent failure to preserve evidence needed for civil litigation," there was no "physical injury to tangible property" of the plaintiff in this case. At best, the spoliation in this case had an effect only on an intangible, plaintiffs cause of action against her assailant.
We therefore affirm the trial court's conclusion that there was no coverage, but, in light of the fact that the original complaint contained only allegations of negligence and none regarding an assault, there was a duty to defend all allegations. C.A. Fielland, Inc. v. Fidelity & Cas. Co. of New York, 297 So.2d 122 (Fla. 2d DCA *1013 1974)(where allegations of complaint are both within and without liability coverage, there is a duty to defend all claims, at least until covered claims have been eliminated). We therefore reverse and remand for the trial court to determine the damages suffered by the insured as a result of the wrongful refusal to defend.
TAYLOR and HAZOURI, JJ., concur.