Tamiko COUNCIL, and Cleveland
Walker, Plaintiffs,

v.

PARADIGM INSURANCE COMPANY,
Defendant.

No. 8:00–CV–173–T–17TGW.

United States District Court,
M.D. Florida,
Tampa Division.

March 7, 2001.

**1340**

Scott T. Borders, Morgan, Colling & Gilbert, P.A., Tampa, FL, for Tamiko Council and Cleveland Walker.

Don Harrison Lester, Lester & Mitchell, P.A., Jacksonville, FL, for Paradigm Insurance Company.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motions, cross-motions, and responses:

Dkt. 19 Motion for Summary Judgment (Plaintiffs)

Dkt. 21 Cross–Motion for Summary Judgment (Defendants)

Dkt. 23 Response (Defendant)

Dkt. 25 Response (Plaintiffs).

## STANDARD OF REVIEW

This circuit has long held that summary judgment is appropriate only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). The moving party bears the initial burden of demonstrating for the court the basis for its motion for summary judgment by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which that party believes show an absence of any genuine issue of material fact. *See Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993). Factual disputes preclude summary judgment.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court held:

> In our view, the plain language of [Fed. R.Civ.P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear burden of proof at trial.

A dispute is genuine, and summary judgment is inappropriate, if a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has satisfied its burden, the non-moving party must:

> ... go beyond the pleadings and by his or her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'

*See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (1986).

*STATEMENT OF FACTS AND PROCE-DURAL HISTORY*

Defendant Paradigm issued an insurance policy to Cleveland Walker, d/b/a Sandals II on December 12, 1994. (Dkt.19). On January 27, 1995, Plaintiff Tamiko Council lost an eye during an incident with another patron, on the insured's premises and now wears a prosthesis in that eye socket. (Dkt.19). In February 1995, Council filed a complaint against Walker Enterprises, Inc. of Tampa. (Dkt.21). Council's complaint asserted a claim for damages for personal injuries that she received from the incident on January 27, 1995. (Dkt.21).

Walker presented Council's complaint to Paradigm. (Dkt.19). On March 13, 1995, Paradigm sent a letter to Walker stating its reason for denying coverage of Council's complaint. (Dkt.19). Paradigm informed Walker that the incident that formed the basis of Council's complaint was excluded under the insurance policy. (Dkt.21). In addition, Paradigm asserted that Council's complaint listed Walker Enterprise, Inc. of Tampa, which was not the named insured under insurance policy number C948998. (Dkt.21, 22).

On August 9, 1996, Council filed her amended complaint against Walker Enterprises, Inc., f/k/a Walker Enterprises, Inc. of Tampa, d/b/a Sandals II, a/k/a Sandals Bay Club. (Dkt.19). In addition, the amended complaint added a claim of spoliation of evidence. (Dkt.21). This final complaint was sent to Paradigm. (Dkt.21). On September 18, 1996, Paradigm responded with a letter, which stated its reason for denying coverage and refusing to defend Walker. (Dkt.21). Pursuant to the letter, Paradigm asserted that the pleadings failed to allege a covered claim. (Dkt.21).

In March 1999, Council and Walker Enterprise, Inc. entered into a Settlement Stipulation and Assignment of Rights agreement. (Dkt.19). The trial court entered an order approving the stipulation between the two parties and entered a final judgment against Walker Enterprises, Inc., for $900,000. (Dkt.21). The Settlement Stipulation agreement gave Council the right to pursue all claims which were included under the insured's insurance policy and the judgment against Walker Enterprises, Inc. for $900,000. (Dkt.19).

In December 1999, Plaintiffs Council and Walker filed a complaint against Paradigm in Florida state court. (Dkt.21). Plaintiffs alleged in their complaint that Paradigm breached Walker's insurance policy by failing to defend and indemnify Walker in relation to Council's complaint. (Dkt.2). Further, Plaintiffs asked for declaratory relief as to whether Council's claims were covered by the insured's policy. (Dkt.2). Paradigm timely removed Plaintiffs' action to this Court. (Dkt.21).

*DISCUSSION*

**Count I—Breach of Insurance Policy**

■ Plaintiffs argue that Paradigm had a duty to defend and indemnify the insured, Walker. In determining whether Paradigm has a duty to defend, the Court is restricted to Plaintiffs' allegations of the complaint. *See Norris v. Colony Insurance Co.*, 760 So.2d 1010 (Fla. 4th DCA 2000); *Fun Spree Vacations, Inc. v. Orion Insurance Co.*, 659 So.2d 419 (Fla. 3rd DCA 1995). Paradigm's duty to defend the insured Walker is broader than the duty to indemnify. *See Florida Farm Bureau Mutual Insurance Co. v. Rice*, 393 So.2d 552, 555 (Fla. 1st DCA 1980). Therefore, if this Court finds that Paradigm had no duty to defend, then Paradigm had no duty to indemnify the insured Walker. *See Fun Spree*, 659 So.2d at 422.

Whether Paradigm owed a duty to defend depends upon Council's complaint in the underlying action. In Council's complaint against the insured Walker, she asserts the following breaches of Walker's duties:

"The Defendant breached its duty to Plaintiff in one or more of the following particulars:

a. By failing to provide adequate security; and/or

b. By allowing the premises to become unreasonably overcrowded; and/or

c. By allowing the premises to become overcrowded in violation of the applicable fire codes; and/or

d. By failing to adequately staff Sandals II in order to maintain control of the premises; and/or

e. By failing to train and supervise security personnel to provide reasonable and safe security; and/or

f. By failing to provide adequate lighting."

As described in Council's complaint, Plaintiff encountered another unknown patron, who was the "assailant." Included in Council's complaint against the insured is a claim for spoliation of evidence. Council alleges that the lost or destroyed videotape might have shown the incident that lead to Council's injuries.

Pursuant to the insured's policy, under Section I, Coverage A, Paradigm agrees to pay for bodily injury or property damage which the insured becomes obligated to pay. However, Paradigm has the discretion to investigate whether the damages resulted from an "occurrence," as defined in the insurance policy. Plaintiffs argue that the term "occurrence" as defined in the policy is ambiguous and inconsistent. Plaintiffs contend that if this Court finds an ambiguity, the ambiguity should be construed in favor of the insured and against the insurer. *See Prudential Property and Casualty Insurance Co. v. Swindal,* 622 So.2d 467, 470 (Fla.1993).

The term "occurrence" is defined in the Commercial General Liability Coverage, Part B, Paragraph 9:

"Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Plaintiffs' argument arises from a modification in the insured's policy. The modified policy added an exclusion to the definition of the term "occurrence," under Paragraph 12, in the Commercial General Liability Coverage, Part B. This exclusion states:

"12. Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. But 'occurrence' does not include:

a. assault or battery committed by you, any of your executive officers, 'employees,' 'leased workers' or 'temporary workers,' or by any other person, whether or not committed by you or at your direction;

b. the failure to suppress or prevent an assault or battery of any person:

(1) on premises you own or rent; or

(2) on ways next to premises you own or rent;

c. harmful or offensive contact, or apprehension of harmful or offensive contact, between or among two or more persons:

(1) on premises you own or rent; or

(2) on ways next to premises you own or rent; . . .

e. any incident arising out of the failure or alleged failure by you, your 'executive officers,' any of your 'employees,' 'leased workers,' or by any other person to properly hire, train, supervise, retain or control any of your 'executive officers,' 'employees,' 'leased workers,' or 'temporary workers,' or any other person."

**Precise Language of the Exclusion**

As to the allegations of the complaint, Council asserts several allegations which deal with the insured's own negligence. Case law demonstrates that injury claims described in terms of the bar owner's negligence are, in essence, injuries that arise from "assault and battery." *See Miami Beach Entertainment, Inc. v. First Oak Brook Corp. Syndicate,* 682 So.2d 161 (Fla. 3d DCA 1996); *Britamco Underwriter's, Inc. v. Zuma Corp.,* 576 So.2d 965

(Fla. 5th DCA 1991). In Walker's policy, the specific language of the exclusion under "occurrence," details that "any incident arising out of the failure or alleged failure by" the insured is not part of the coverage of the insured's policy. Therefore, it is clear from the specific language of the exclusion, under Paragraph 12, that Council's claim of the insured's negligence is not part of the insured's coverage policy.

In addition, there is an exclusion for any "harmful or offensive contact ... between or among two or more persons ... on premises" the insured owns or rents. In *Perrine Food Retailers, Inc. v. Odyssey Re (London) Limited,* 721 So.2d 402 (Fla. 3d DCA 1998), the court concluded that, if an insurance policy carries an assault and battery exclusion, then the policy precludes coverage for the insured's negligence which resulted in an assault and battery. Based upon the allegations of Council's complaint toward insured's negligence and the precise language of the policy, Paradigm had no duty to defend.

■ In determining whether Paradigm had a duty to defend on the allegation of spoliation of evidence, the question is whether the spoliation is covered as "bodily injury" or "property damage" within the insured's policy coverage. *See Norris,* 760 So.2d at 1012. The insured's policy under Section I, Coverage A, Section 2(j), specifies an exclusion for "property damage to: property the insured owns, rents, or occupies ... personal property in the care, custody or control of the insured." In *Norris,* the court stated that "although the videotape is tangible, the policy excludes damage to the insured's own property." *See id.* at 1012. In Plaintiffs' case, the policy excludes coverage for damage of the insured's personal property, which includes the videotape that was either lost or destroyed. Therefore, the claim of spoliation of evidence does not fall under the coverage of the insured's policy, and Paradigm did not have a duty to defend the spoliation claim.

**Ambiguous or Inconsistent Terms**

■ The rule of construction, as followed by Florida law, is to determine the intent of the parties in regards to the scope of the policy provision in question. *See Gibbs v. Air Canada,* 810 F.2d 1529, 1533 (11th Cir.1987). In determining the intention of the parties, this Court must consider the instrument in its entirety. *See New Amsterdam Casualty Co. v. Addison,* 169 So.2d 877, 880 (Fla. 2nd DCA 1964). In reading the provisions of an insurance policy for ambiguity, the policy should be read in *pari materia* with all of the policy provisions. *See id.* Where there is an ambiguity or inconsistency with the term "occurrence," Florida case law resolves the ambiguity in favor of the insured. *See Hess v. Liberty Mutual Insurance, Co.,* 458 So.2d 71 (Fla. 3rd DCA 1984); *Continental Casualty Co. v. Borthwick,* 177 So.2d 687 (Fla. 1st DCA 1965). In insurance policies, an ambiguity of its language means that the language itself is doubtful and uncertain to the persons of competent skill and knowledge, to understand the language of the policy. *See New Amsterdam,* 169 So.2d at 881. However, when the insurance policy's language is clear and unambiguous, the policy must be given its natural meaning. *See Hess,* 458 So.2d at 72.

In the case at bar, Plaintiffs argue that the term "occurrence" is ambiguous because of the term's definition in Paragraph 9 and the exclusion modification in Paragraph 12. Plaintiffs rely on *Tire Kingdom, Inc. v. First Southern Insurance, Co.,* 573 So.2d 885 (Fla. 3rd DCA 1990), in stating that coverage is ambiguous when there is an attempt to provide coverage for certain activities, and then those activities are excluded. In *Tire Kingdom,* the policy included coverage for advertising injuries and listed the different types of ways the injuries could develop. *See id.* at 887. In addition, the policy had an exclusion that excluded those same activities that were included under "advertising injuries." *See id.*

A distinguishing fact in the Plaintiffs' case, however, is that the modified exclusion did not list any activities in the definition of "occurrence" that were later excluded in the policy. There is no contradiction in the policy.

 In addition, the intent of the parties must be considered in determining whether both parties had an understanding of the new modification to the insured's policy. *See Gibbs,* 810 F.2d at 1533. The deposition of the insured's agent, Guy Walters, states that he informed the insured of the modification to the insurance policy. (Deposition of Guy Waters, Dkt. 22, pg. 12–13). Walter's deposition reaffirms that the policy had an assault and battery exclusion. In determining the parties' intent with relation to the modification of the insured's policy, the deposition provides further evidence that the insured was aware of the express terms of the policy. Therefore, the intent of the parties was clear as to the information regarding the exclusion to the insured's policy.

In summary, the specific language of the policy denies coverage of Council's claims. In addition, the modification of the term "occurrence" in one paragraph did not contradict any of the language in the definition of "occurrence" in the other paragraph. Furthermore, the consideration of the parties' intent as to the modified policy makes it clear that the insured understood the policy's language, which indicates that there was no misunderstanding with the meaning of the term "occurrence."

Accordingly, Paradigm had no duty to defend the insured based upon the policy's coverage. Therefore, Paradigm had no duty to indemnify the insured for the judgment of $900,000, since it had no duty to defend. Paradigm is entitled to summary judgment regarding Plaintiffs' claim of breach of contract.

**Count II—Declaratory Judgment**

Plaintiffs request that this Court declare that the claims asserted in Council's complaint were covered under the insured's policy. The Court found that the allegations of Council's complaint were not part of the insured's coverage. The Court denies Plaintiffs' Motion for Summary Judgment as to Count II. Defendant Paradigm established it is entitled to summary judgment regarding Plaintiffs' claim for declaratory judgment.

**Affirmative Defenses**

As for Paradigm's affirmative defenses, this Court finds the defenses moot. The Court has granted the Motion for Summary Judgment in favor of Defendant. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt.19) is denied and Defendant's Motion for Summary Judgment (Dkt.21) is granted. The Clerk of Court shall enter final judgment for Defendant.