GODERICH, Judge.
Home Emergency Services, Inc. [HES] appeals from entry of final summary judgment in favor of Humana Worker’s Compensation Services, Inc. [Humana] and Builders and Employers Mutual Insurance Company [B & E]. HES contends that the trial court erred by finding that the Employers Liability Insurance portion of the policy [Part Two] issued to HES does not provide coverage for a spoliation of evidence claim.[1] We agree.
The background facts have been succinctly summarized by this Court’s opinion in Lincoln Insurance Co. v. Home Emergency Services, Inc., 812 So.2d 433, (Fla. 3d DCA 2001)(en banc). Following the destruction of the ladder, Albert and Rose Milian filed suit against HES asserting, in part, a claim for spoliation of evidence and a claim for violation of section 440.39(7), Florida Statutes (1995), by discarding or destroying the ladder. Thereafter, HES forwarded the complaint to Humana requesting coverage for and defense of the claims pursuant to Part Two of the policy. Part Two of the policy provides in pertinent part as follows:
B. We Will Pay
We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
The damages we will pay, where recovery is permitted by law, include damages:
[[Image here]]
4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.
Humana filed suit for declaratory relief against its insured, HES, alleging that under Part II of its policy, it did not have a duty to defend or indemnify HES for the claims.[2] The parties moved for summary judgment. The trial court granted summary judgment in favor of Humana finding that the spoliation claim brought by the Milians are “not a bodily injury or personal injury claim.” HES’s motion for rehearing was denied. This appeal followed.
This Court in Lincoln Insurance found that there is coverage for a spoliation of evidence claim when the policy provides that the insurer will “pay those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” Lincoln Insurance Co., 812 So.2d at 435. Because the language contained in Part II of the Humana policy is very similar to the language construed in Lincoln Insurance, we find that the claim for spoliation of evidence is covered by the Humana policy. We recognize that in Norris v. Colony Insurance Co., 760 So.2d 1010 (Fla. 4th DCA 2000), the Fourth District Court of Appeal has taken the opposite view when construing similar language, and therefore, we certify conflict with Norris.
Humana also argues that there is no coverage under Part Two of the policy as result of the language contained in sub *667 section B.4. We also disagree with Huma-na on that point. A review of the complaint indicates that HES was sued as the owner of the ladder who accidently destroyed it. Therefore, HES was sued in a. “capacity other than as employer.”
Unlike in Lincoln Insurance, we do not find that any of the policy exclusions are applicable. We, therefore, reverse the order under review, find that there is coverage under the policy, and remand for further proceedings consistent with this opinion.
Reversed and remanded; conflict certified.

. HES’s worker’s compensation insurer was PCA Solutions, Inc. B & E was a predecessor in interest to PCA Solutions, Inc. Humana is the successor in interest to the obligations of B &E.

. Albert Milian received workers compensation benefits pursuant to Part I of the policy.