842 So.2d 778 (2003)
HUMANA WORKER'S COMPENSATION SERVICES, et al., Petitioners,
v.
HOME EMERGENCY SERVICES, INC., Respondent.
No. SC02-1206.
Supreme Court of Florida.
March 13, 2003.
*779 Debra Potter Klauber of Haliczer Pettis, P.A., Fort Lauderdale, FL, for Petitioners.
Evan J. Langbein of Langbein & Langbein, P.A., Aventura, FL; Richard A. Friend, Miami, FL; and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for Respondent.
WELLS, J.
We have for review the decision in Home Emergency Services, Inc. v. Humana Worker's Compensation, 815 So.2d 665 (Fla. 3d DCA 2002), which certified conflict with the decision in Norris v. Colony Insurance Co., 760 So.2d 1010 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We quash the decision below and approve the decision in Norris.
Humana Worker's Compensation Services (Humana), is the insurer of Home Emergency Services, Inc. (HES) under a two-part insurance policy. Part One of the policy, entitled "Workers Compensation Insurance," provides that Humana will pay benefits required of HES by the workers' compensation law and will defend any claim against HES for such benefits. Part Two of the policy, entitled "Employers Liability Insurance," states in part:
A. How This Insurance Applies
This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
While this policy was in effect, an employee of HES, Alberto Milian, was injured when he fell from a ladder during the course of his employment. Milian received workers' compensation benefits, which were paid pursuant to Part One of HES's policy. HES then agreed to maintain the ladder in its possession for Milian, who intended to pursue a claim against the ladder's manufacturer and distributor. The ladder was subsequently misplaced or destroyed. When Milian later filed suit against the manufacturer and distributor for product liability, he also sued HES for negligent spoliation of evidence. Milian's complaint contained two counts against HES, one alleging that HES breached a contractual duty to maintain the evidence and a second alleging breach of a statutory duty. The complaint averred that the contractual duty arose from HES's agreement to maintain the ladder, while the statutory duty arose from section 440.39(7), Florida Statutes (1995), which imposes a duty on an employer to cooperate with an employee in the prosecution of claims and potential claims against third-party tortfeasors. See General Cinema Beverages of Miami, Inc. v. Mortimer, 689 So.2d 276 (Fla. 3d DCA 1995) (holding section 440.39(7) imposes duty to preserve evidence).
Upon receipt of Milian's complaint, HES requested coverage and defense from Humana pursuant to Part Two of its policy, the employers liability insurance portion. Taking the position that the policy did not cover claims for spoliation of evidence, Humana filed a petition for declaratory relief against HES to establish its coverage obligations. Thereafter, Humana and HES each filed motions for summary judgment. *780 The trial court granted summary judgment in favor of Humana, concluding that Milian's spoliation claim against HES was not a "bodily injury" claim covered by the policy.
HES appealed to the Third District, which reversed and held that the spoliation claim was covered by Part Two of the policy. Home Emergency Services, 815 So.2d at 666. In reaching its conclusion that "there is coverage for a spoliation of evidence claim when the policy provides that the insurer will `pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury,'" id., the court referred to its previous analysis in the related case of Lincoln Insurance Co. v. Home Emergency Services, Inc., 812 So.2d 433 (Fla. 3d DCA 2001) (en banc). That case was predicated on the same underlying facts: when sued by Milian, HES also requested coverage from its commercial general liability carrier, Lincoln Insurance Company (Lincoln), under a policy covering "damages because of `bodily injury'" if "caused by an `occurrence,' " which was defined as an "accident." Like Humana, Lincoln filed a declaratory action to determine its coverage obligations. In Lincoln's case, the trial court entered summary judgment in favor of HES. But on appeal, the Third District, sitting en banc, held that the claim for spoliation of evidence fell within the scope of the Lincoln policy,[1] reasoning that Milian's fall from the ladder was an "occurrence" and, "[r]eading the policy favorably to the insured ... Milian's claim for spoliation of evidence [was] properly viewed as being `because of bodily injury.'" Lincoln, 812 So.2d at 438.
In addition to relying upon the Lincoln analysis, the Third District certified conflict between its decision in Home Emergency Services and the Fourth District's decision in Norris v. Colony Insurance Co., 760 So.2d 1010 (Fla. 4th DCA 2000). In Norris, the Fourth District held that negligent spoliation of evidence was not covered by an insurance policy containing language which required that bodily injury be caused by an "occurrence" which was defined as an "accident." See id. at 1011-12. The court emphasized that the "basis of a cause of action for spoliation of evidence [is] `an intangible and beneficial interest in the preservation of the evidence' " and concluded that "this occurrence, the destruction of evidence, did not result in bodily injury." Id. at 1012 (quoting DiGiulio v. Prudential Property & Cas. Ins. Co., 710 So.2d 3 (Fla. 4th DCA 1998)).
Humana sought discretionary review by this Court on the basis of the certified conflict between the Third and Fourth District's decisions. Humana urges this Court to adopt the holding in Norris and conclude that a spoliation claim does not fall within the plain language of bodily injury coverage because such claims seek damages other than for bodily injury by accident. HES counters that the policy language does not require that the bodily injury be the only contributing cause of the insured's potential liability or that the damages claimed be of a particular type. Noting that Milian will only prevail in his spoliation claim against HES if he proves the viability of the underlying claim for bodily injury, HES argues that if Milian prevails in the spoliation claim it will be "because of" the underlying bodily injury, coupled with the loss of the ladder.
*781 We agree with Humana that the plain language of this policy does not provide coverage for a claim of negligent spoliation of evidence. To determine whether there is coverage, as our threshold examination we must construe Section A of Part Two, the provision that explains "How This Insurance Applies." In this examination we are bound by rules of construction which we have long applied, the foremost of which is that insurance contracts must be construed in accordance with their plain language. See Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000); Prudential Property & Cas. Ins. Co. v. Swindal, 622 So.2d 467, 470 (Fla.1993). Applying this rule to this coverage provision, the issue is then whether this claim for spoliation of evidence is a claim for "bodily injury by accident." We conclude that it plainly is not because what is claimed here as the "accident" is the negligent loss of the ladder. That accident did not result in bodily injury but rather in the ladder not being available as evidence in a bodily injury claim.
Negligent spoliation of evidence is a tort claim based on a defendant's breach of a duty to preserve evidence. The damage that flows from such a breach is the resulting inability to prove a cause of action. Milian's spoliation claim seeks compensation not for the bodily injury he sustained in falling from the ladder but, rather, for his loss of a probable expectancy of recovery in the underlying suit.
We therefore hold that this policy applying to "bodily injury by accident" does not provide coverage for claims against an insured for negligent spoliation of evidence. Our holding here is consistent with the Fourth District decision in Norris as well as decisions of other jurisdictions. See Johnson v. Evan Hall Sugar Coop., Inc., 836 So.2d 484, 486 (La.Ct.App. 2002) (holding spoliation claim was not derived from plaintiff's bodily injuries but rather from "completely separate incident" where evidence was destroyed); Fremont Casualty Ins. Co. v. Ace-Chicago Great Dane Corp., 317 Ill.App.3d 67, 250 Ill.Dec. 624, 739 N.E.2d 85, 91-92 (2000) (holding damage suffered in spoliation claim is inability to prove underlying action, which does not fall within plain and ordinary meaning of term "bodily injury"). Accordingly, we quash the decision below and remand to the district court for proceedings consistent with this decision.
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The Third District reversed the summary judgment, however, and remanded for entry of judgment in favor of Lincoln on the basis of an applicable exclusion within the Lincoln policy. Lincoln, 812 So.2d at 439.