## OMEGA FORENSIC ENGINEERING, INC., Plaintiff,

v.

## RLI INSURANCE COMPANY, Fireman's Fund Insurance Company, and Rheem Manufacturing Company, Defendants.

### Case No. 09–60582–CIV.

United States District Court,
S.D. Florida.

Feb. 8, 2010.

James Michael Fishman, Miami, FL, for Plaintiff.

Sina Bahadoran, Eric Hiller, Hinshaw & Culbertson, Holly S. Harvey, Matthew C. Henning, Thornton Davis & Fein, Miami, FL, Michael J. Slevin, Richard S. Feldman, Rivkin Radler LLP, Uniondale, NY, for Defendants.

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon the Defendant RLI Insurance Company's Motion to Dismiss [DE 3], filed herein on April 24, 2009. The Court has carefully considered the Motion, Plaintiff Omega Forensic Engineering, Inc.'s Response [DE 9], Defendant RLI Insurance Company's Reply [DE 13], and is otherwise fully advised in the premises.

## I. BACKGROUND

A water heater, manufactured by Defendant Rheem Manufacturing Company ("Rheem"), failed and damaged the home of James Miller. Defendant Fireman's Fund Insurance Company[1] ("FFIC") issued an insurance policy, presumably a homeowners policy, to James Miller which was in effect at the time of the hot water heater failure. FFIC hired Plaintiff Omega Forensic Engineering, Inc. ("Omega") to inspect the faulty water heater that damaged James Miller's property. Omega inspected the water heater and then disposed of it. FFIC sought subrogation from Rheem, which requested a reinspection of the water heater. As a result of Omega's disposal of the water heater, it could not be reinspected. FFIC filed suit against Omega in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida alleging the disposal of the water heater ruined its product liability subrogation claim against Rheem. RLI Insurance Company ("RLI") issued a "Businessowners" Policy of insurance for liability coverage in connection with Omega's operations, which was in effect at all times material to this action. RLI denied coverage by stating that FFIC was damaged in their inability to bring their subrogation claim, but that such damage was not "bodily injury" or "property damage."

1. Omega named Rheem and FFIC as defendants in this action solely because they are parties to the underlying action. Omega does not assert any claims against Defendants Rheem and FFIC.

Omega filed suit against RLI in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on March 31, 2009 claiming that RLI has a duty to defend and indemnify Omega in FFIC's lawsuit against it. On April 20, 2009, Plaintiff Omega filed a Notice of Removal [DE 1], removing this action to federal court on jurisdictional grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## II. DISCUSSION

On April 24, 2009, Defendant RLI filed its Motion to Dismiss [DE 3]. Defendant RLI argues that Plaintiff has failed to state a claim upon which relief can be granted for the following reasons: (1) Florida Courts have summarily ruled that the spoliation of evidence is not property damage; (2) RLI's policy covers damages to tangible property, not an intangible interest in the preservation of evidence; and (3) coverage is excluded by the policy's "care, custody, or control" exclusion.

Plaintiff counters that FFIC's complaint does not allege "spoliation of evidence," only general negligence, thus there is coverage. Plaintiff also claims that RLI's Motion to Dismiss does not address whether Plaintiff's Petition for Declaratory Judgment states a cause of action, but instead goes to the issue of coverage which Plaintiff claims cannot be determined yet. Plaintiff also attempts to distinguish the case law from the instant case arguing that in the instant case there is a loss of tangible property. The Court notes that Plaintiff does not address RLI's contention that coverage is excluded by the policy's "care, custody, or control" exclusion.

### A. Motion to Dismiss Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is enti-

tled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334–36 (11th Cir.1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements ...". *Iqbal*, 129 S.Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563 n. 8, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

## B. Duty to Defend Standard

 As the court in *Lime Tree Village Community Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir.1993), has stated, "[t]he principles governing [a duty to defend]" case are well-established in Florida and this circuit:

> An insurer's "duty to defend is distinct from and broader than the duty to indemnify ... and if the [underlying] complaint alleges facts showing two or more grounds for liability, one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 813–14 (Fla. 1st DCA 1985) (citations omitted) (emphasis added). The duty to defend is determined by examining the allegations in the complaint filed against the insured. *National Union Fire Insurance Co. v. Lenox Liquors Inc.*, 358 So.2d 533, 536 (Fla.1978). The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage. *Trizec Properties Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811–12 (11th Cir. 1985); *Baron Oil*, 470 So.2d at 815. If the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured. *Trizec Properties*, 767 F.2d at 812; *Baron Oil*, 470 So.2d at 814.

*Lime Tree Village Community Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir.1993); *see also Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575 (11th Cir.1995). Further, "the duty to defend is broader than the duty to indemnify in the sense that the insurer must defend even if facts alleged are actually untrue or legal theories unsound." *Lawyers Title*, 52 F.3d at 1580. Therefore, the threshold question for the Court is whether the pleadings filed against the plaintiff in the underlying lawsuits allege facts and legal theories within the coverage provisions of the policy. *Id.* at 1581.

## C. Spoliation of Evidence is Not Property Damage

 RLI moves to dismiss Plaintiff's Petition for Declaratory Judgment that there is coverage and a duty to defend, arguing that as a matter of Florida law, the spoliation of evidence does not constitute property damage.

 In essence, the question is whether and to what extent an action for spoliation of evidence constitutes "property damage" under a commercial general liability policy, thus covered under the policy. While at least one Florida case found coverage exists, the majority of Florida cases have held that it does not. Specifically, these courts have held spoliation claims do not constitute "physical damage to tangible property." Rather, these courts have found that spoliation claims amount to a loss of causes of action or legal claims, which constitute intangible property and are therefore not covered.

Under Florida law, the first case that addressed whether there was coverage for a spoliation claim was *Norris v. Colony Ins. Co.*, 760 So.2d 1010 (Fla. 4th DCA 2000). In *Norris*, the plaintiff was physically attacked and robbed at a gas station by an unidentified assailant. *Id.* at 1011. The gas station had a security camera that possibly recorded the incident but the security videotape containing the footage was erased. *Id.* She brought suit against the gas station, alleging negligent spoliation of evidence for erasing the videotape. *Id.* Plaintiff alleged that had the videotape not been erased, she could have identified the assailant and recovered damages from him. *Id.* The gas station's commercial general liability insurer, Colony Insurance

Company, refused to defend because the damages arose from assault and battery, which were excluded under the policy. *Id.* The plaintiff eventually settled with the gas station, which assigned its rights against insurer to the plaintiff. *Id.* The plaintiff, as assignee of the insured gas station, sought damages for wrongful refusal to defend and also asserted coverage. *Id.* The trial court ruled in favor of Colony Insurance Company on summary judgment based on the assault and battery exclusion and plaintiff appealed. *Id.*

On appeal, plaintiff argued, among other things, that the trial court failed to recognize a distinction between claims of assault and spoliation of evidence with regard to the exclusion in the policy for claims "arising out of" assault and battery. *Id.* The Fourth District Court of Appeal agreed with the plaintiff that there was a distinction, yet still found that there was no coverage for the spoliation claim. *Id.* The court focused on the basic question of whether spoliation is covered as "bodily injury" or "property damage." *Id.* at 1012. "Bodily injury" or "property damage," under the policy, must be caused by an "occurrence," which is defined as "an accident." *Id.* The court held that the "occurrence" in that case, the destruction of evidence, "clearly" did not result in bodily injury in the case. *Id.* As to property damage, the court noted that the question was whether the erasure of the videotape resulted in an "injury to tangible property," as property damage was defined. *Id.* Although the court noted that the videotape was tangible, it ultimately found that the spoliation in the case had an effect only on the plaintiff's cause of action against her assailant, which the court found to be intangible property. *Id.*

Soon after *Norris,* a the Third District Court of Appeal reached a different conclusion. In *Lincoln Ins. Co. v. Home Emergency Serv., Inc.,* 812 So.2d 433 (Fla. 3d DCA 2001), review denied, 833 So.2d 773 (Fla.2002), an employee of the defendant, Home Emergency Services ("HES"), was injured from a fall when a ladder collapsed. He collected workers' compensation benefits and filed a products liability action against both the manufacturer and distributor of the ladder. *Id.* at 434. In his complaint, the plaintiff also claimed damages against HES for spoliation of evidence. *Id.* Specifically, the plaintiff claimed his counsel entered into an agreement with HES, where HES would maintain the ladder during the pendency of the proceedings, but HES negligently or intentionally destroyed or abandoned the evidence. *Id.* HES's commercial general liability insurer, Lincoln, filed a declaratory judgment action to determine its coverage duties and responsibilities. *Id.*

The trial court denied Lincoln's motion for summary judgment and held that Lincoln's policy covered the employee's spoliation claim. *Id.* On appeal, the Third District Court of Appeal reversed, holding that the policy does not provide coverage for the spoliation claims. *Id.* The Third District held that there was no causal relationship between the bodily injuries sustained and the spoliation of the ladder. *Id.* at 436. The court also found that with regard to coverage for property damage, the only possible interest to the plaintiff was an intangible interest, thus no coverage. *Id.*

Chief Judge Schwartz dissented, disagreeing with the reasoning of both the majority and the court in *Norris.* In particular, Chief Judge Schwartz argued that the policy's extension of coverage to bodily injury claims caused by "an occurrence" should encompass not just the occurrence of the spoliation of the ladder, but the occurrence of the underlying collapse of the ladder as well. *Id.* Chief Judge

Schwartz argued that to hold otherwise, would be to confuse the underlying liability, spoliation, with the duty of Lincoln to defend and indemnify HES for any claims against it that fell within the policy. *Id.* at 436–37 (Schwartz, C.J., dissenting).

Rehearing the case en banc, the Third District Court of Appeal reversed. The court agreed with Chief Judge Schwartz's dissent and, "reading the policy favorably to the insured," held that the employee's claim for spoliation of evidence was properly viewed as being because of "bodily injury" and therefore within the scope of the insuring agreement of the policy. *Id.* at 438. However, the court concluded that there was no coverage based on an applicable exclusion for bodily injury to an employee of the insured arising out of and in the course of his employment. *Id.* at 439. The court acknowledged that it had taken the opposite view that the Fourth District Court of Appeal had taken in *Norris* in construing identical policy language. *Id.* at 439–40. Other courts, including the Florida Supreme Court, have refused to follow *Lincoln.* Indeed, in a related case brought by HES under its employer's liability policy, the Florida Supreme Court, while not overruling *Lincoln,* specifically approved of *Norris* and its reasoning. *Humana Worker's Compensation Services v. Home Emergency Serv., Inc.,* 842 So.2d 778 (Fla.2003).

*Humana* involves the same facts as *Lincoln.* In *Humana,* the court decided whether the employer's liability insurance policy provided coverage for a claim of negligent spoliation of evidence; specifically whether the employee's claim for failure to preserve the ladder constituted bodily injury by accident. *Id.* at 780. The Florida Supreme Court, based on the plain language of the policy, held that it "does not provide coverage for a claim of negligent spoliation of evidence." *Id.* at 781.

Approving the holding in *Norris,* the court reasoned that such claim was not for "bodily injury by accident," and therefore did not fall within the provided insurance coverage. *Id.* at 781.

This Court disagrees with the reasoning of *Lincoln* and agrees with the reasoning of the *Norris* and *Humana* courts. The Court will now turn its attention to the policy in the instant case. In pertinent part, the coverage grant of the RLI policy provides:

## SECTION II—LIABILITY

### A. COVERAGES

### 1. Business Liability

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph D—Liability And Medical Expenses Limits Of Insurance in Section II—Liability; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for

under Paragraph f. Coverage Extension—Supplementary Payments.

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(b) The "bodily injury" or "property damage" occurs during the policy period.

[DE 1–2, at 6]

In pertinent part, "property damage" is defined in the policy as follows:

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to "occur at the time of the occurrence" that caused it.

[DE 1–2, at 22]

The Court notes that the definition of property damage in the policy in the instant case is identical to that in *Norris*. In order for "bodily injury" or "property damage" to be covered, it must be caused by an "occurrence," which is defined as an accident. In this case, the accident was the negligent disposal of the water heater that was in Omega's care and possession. FFIC does not allege that Omega caused bodily injury or property damage to its insured, only that the loss of the water heater impaired its ability to pursue a product liability claim against the manufacturer of the water heater. The Court finds that FFIC's intangible interest in the preservation of evidence does not constitute a claim for "damages because of 'bodi-

ly injury' or 'property damage'" under the plain language of the policy. Accordingly, the Court finds there is no coverage under the policy, thus RLI does not have a duty to defend. As the Court finds that RLI does not have a duty to defend, Omega cannot sustain a breach of contract cause of action against RLI its refusal to defend.

Plaintiff, in its Response, counters that in the underlying complaint, FFIC is seeking damage for injury to tangible property, in this case the water heater, and not spoliation of evidence. The court does not agree with Plaintiff's contention. FFIC specifically alleges: "Defendant's breach of that general duty proximately cause Plaintiff to lose the ability to file suit against the manufacturer resulting in loss and monetary damages of $92,436.56." [DE 1–2, at 26]. FFIC seeks damage for an injury to an intangible economic interest, in this case the loss of its ability to effectively sue the manufacturer. Further, a cursory check shows that a Rheem 100 gallon water heater costs under $10,000, substantially less than the $92,436.56 sought in the underlying complaint. FFIC's claim is clearly for spoliation of evidence, not damages for the loss of water heater itself. As currently pled, Omega fails to allege a covered claim and is dismissing the Petition with prejudice.

**D. RLI's policy covers damages to tangible property, not an intangible interest in the preservation of evidence**

RLI moves to dismiss Plaintiff's Petition, arguing that RLI's policy covers damages to tangible property, not an intangible interest in the preservation of evidence. As discussed above, the Court agrees.

**E. Coverage is Excluded by the Policy's "Care, Custody, or Control" Exclusion**

As mentioned above, Omega does not address whether coverage is excluded by

the "care, custody, or control" exclusion of the policy. Although the Court could grant RLI's Motion by default on these grounds, for the sake of thoroughness, the Court will address RLI's arguments.

RLI moves to dismiss Plaintiff's Petition, arguing that coverage is precluded by Exclusion k. of Omega's policy, which states there is no coverage for property damage to personal property in the care, custody, or control of the insured.

In the underlying complaint, FFIC alleges that Omega maintained care and possession of the defective water heater. Omega's policy with RLI contains "Exclusion k.—Damage to Property," which states there is no coverage for property damage to: "(4) Personal property in the care, custody or control of the insured." [DE 1–2, at 12]. Thus even if the Court were to find Plaintiff's claim for spoliation of evidence to be covered as property damage, under the plain language of the policy, Omega is not entitled to coverage for its failure to preserve the water heater.

### III. CONCLUSION

Because the Court is dismissing the claims against RLI, and there are no claims asserted against Defendants FFIC and Rheem, the entire case shall be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant RLI Insurance Company's Motion to Dismiss [DE 3] is hereby **GRANTED**;

2. The above-styled case is **DISMISSED with prejudice**;

3. The Clerk shall close this case;

4. All pending motions are hereby denied as moot.